CITED in *Wooley* v. *Campbell*, 8 *Vr.* 167; *Mor. Can. & Bkg. Co.* v. *Cent. R. R. Co.*, 1 *C. E. Gr.* 436.

---

## ELIAS HOWELL v. WILLIAM L. SCHENCK.

1. A tenant has no right to emblements or the way going crops, as against a person claiming by a title paramount to that of his landlord.

2. A lease made by a mortgagor subsequent to his giving the mortgage is of no validity as against the mortgagee; as to him, the tenant is a trespasser, not entitled to notice to quit or to way going crops.

3. A sheriff, in a sale by virtue of an execution against lands, has no right to reserve the way going crops, his duty is to sell the title of the defendant to the lands, as commanded by the writ; and if he had power to make such reservation, it would be of no avail if not contained in his deed.

4. A tenant for a term certain, is by the custom entitled to return for way going crops; but not for spring crops, as oats, where the tenancy expires at the usual termination of the agricultural year, unless sown by consent of his landlord.

5. A purchaser under a foreclosure sale, made under a mortgage given prior to a lease made by the mortgagor, is entitled to the crops of the tenant in the ground at the sale.

This was an action of trover for a crop of oats. The declaration was in the usual form, laying the conversion July 1, ₫1851.

The defendant, by his plea, averred that A. G., being seized in fee of the premises in which the oats stood, mortgaged them to M., on the 1st of May, 1837, for $2000, payable May 1, 1838; that A. G., on the 13th. January, 1838, sold the premises, subject to the mortgage, to F. B.; that the mortgagee, on the 8th of June, 1850, filed his bill for the foreclosure and sale of the mortgaged premises; that by virtue of a decree for the sale, made December 27, 1850, the sheriff sold the premises, on the 22d of March, 1851, to the defendant, and gave him a deed therefor, on the 11th of April, 1851, by virtue of which the defendant entered and justified.

The plaintiff replied, that F. B., in January, 1850, leased the premises to the plaintiff for one year from April 1, 1850, by virtue of which he entered, and before the expiration of his term, to wit, on the tenth day of March, 1851, sowed the oats in question by consent of F. B., and that the sheriff, at the sale, reserved for the defendant the right to take this crop of oats from the premises.

To this replication the defendant demurred.

The case was argued upon the demurrer before the CHIEF JUSTICE and Justices ELMER and HAINES.

*H. V. Speer*, for defendant.

The question simply is, whether the mortgagor, or his assignee or his lessee, by a lease subsequent to the mortgage, are entitled to emblements or the way going crops, as against the mortgagee in actual possession by legal proceedings for the nonpayment of the mortgage debt. It is well settled that he is not. · *Dougl.* 51, *Keach* v. *Hall;* 4 *Kent.* 155–6–7; 8 *Wend.* 584; 2 *Denio* 174, *Shepherd* v. *Phillips;* 6 *Barb. Sup. C. R.* 370; 8 *Black.* 428; 6 *Barr.* 144; 1 *Com. Dig., Biens, G.* 1.

If he had right to a way going crop, sowing in the spring a crop of oats by a tenant whose term expires in April is not within the custom, and is a fraud upon the landlord. 2 *South.* 460, *Everitt* v. *Vandoren.*

The sheriff had no right to except crops. And if he had such right, the reservation at the sale is of no effect, it not being in the deed. 1 *Chit. Pl.* 505.

*Hamilton,* in reply for plaintiff, cited 4 *Kent* 100 ; 16 *East* 71, 81.

ELMER, J. This is an action of trover for a parcel of oats and straw, claimed by the plaintiff as his property, and converted by defendant. The facts are minutely set forth in the plea and replication, and there being a demurrer to the replication, the question now is, whether the plaintiff can maintain his action.

The oats and straw grew on land leased to the plaintiff by Isaac Bogart for one year from the first of April, 1850, and were sown in the month of March, 1851. Long prior to the making of the lease the property had been mortgaged, and the mortgage duly registered. On the twenty-seventh day of December, 1850, a decree was obtained in the Court of Chancery for the sale of the mortgaged premises by virtue of said mortgage. On the first of April, 1851, the plaintiff gave up the possession of the premises pursuant to his lease, and on the eleventh day of the same month they were sold by the sheriff, and conveyed, without any reservation of the growing crop, to the defendant, who immediately took possession, and, at the proper season, cut the oats and converted the grain and straw to his own use. It is alleged, in the replication, that at the sale, the right of property of the plaintiff therein was by the sheriff reserved and excepted.

It has been held by this court that ejectment may be maintained by the mortgagee against a lessee who holds the premises by a lease subsequent to the mortgage without notice to quit. *Den* v. *Stockton,* 7 *Halst.* 322. This proceeds upon the ground that the mortgagor, holding a paramount title, may consider the lessee as a trespasser. The mortgagor holds the premises so long as the mortgagee chooses to leave him in possession as the owner, but there is no consent implied that he may lease them, It is well established that a person entering by title paramount is entitled to the emblements, and this

doctrine applies to a case like the present, there being no allegation that the mortgagee or the purchaser in any way recognized the lease or assented to the sowing of the grain. *Com.. Dig., Biens G.* 2. *Dougl.* 21; 9 *Barn. & C.* 245; 8 *Wend.* 584; 2 *Denio* 174; 8 *Blackf.* 428; 6 *Barr.* 144; 1 *Leigh* 297; 1 *Bland* 76, 364; 6 *Geor. R.* 452.

Had the sheriff actually excepted the growing crop in his deed no title would have passed to the defendant. But it is not alleged in the replication that he did, nor is it the fact. It was the right and duty of the sheriff to sell the land, including the right to the emblements, in discharge of the mortgage debt; and having in point of fact actually so conveyed it, the emblements passed with the land to the defendant, and he is entitled to our judgment.

HAINES, J. The plaintiff brought this action for a quantity of oats and straw, alleged to have been taken by the defendant on the 1st July, 1851, and declared in the usual form of trover and conversion.

The defendant, by his plea, avers that one Aaron Gulick, on the 1st May, 1837, being seized in fee of a tract of land in South Brunswick, in the county of Middlesex, executed a mortgage upon it to the board of chosen freeholders of that, county to secure the payment of a certain sum of money, therein mentioned, on the 1st May, 1838, and afterwards, on 13th January, 1838, conveyed the equity of redemption to one Isaac Bogart, who then took possession of the premises; that a decree of foreclosure and sale of the mortgaged premises. was made in the Court of Chancery, on the 27th December, 1850, and a sale and conveyance by the sheriff of Middlesex, on the 11th April, 1851, to the defendant, who then entered into the possession, and in July following reaped and secured, for his own use, the oats in question. .

By the declaration, it is averred that Isaac Bogart, in January, 1850, leased the premises for one year from 1st April, 1850 to one James Higgins, who afterwards assigned his term to the plaintiff, who entered on the 1st April, 1850, and the 10th March following, shortly before the expiration of his term,

sown the oats; and that the sheriff, at the time of the sale under the decree in chancery, reserved the growing crop, and excepted it from the sale.

To this replication the defendant demurs, and the plaintiff joins in demurrer.

The question presented is, whether the plaintiff, as tenant of the premises, had a title to the crop in question. Is the tenant of a certain term, under a lease made by a mortgagor after the execution of the mortgage, entitled to a crop of oats sowed just before the expiration of his term?

By the common law, a tenant of lands for an uncertain term is entitled, by way of emblements, to the annual products of his annual labor, although his estate may have been terminated by the act of God or of the law before he shall have reaped the same. But if he determine his estate by his own act, or if he held for a certain term which expires by its own limitation, he is not entitled to emblements. *Co. Lit.* 55, *b; Com. Dig. Biens* (*G.* 1), (*G.* 2); 2 *Bl. Com.* 122; *Debow* v. *Colfax,* 5 *Halst.* 128.

An exception to the rule is found in the custom which allows a tenant to enter after the expiration of his term and reap his way going crop. It is a custom established for the benefit and encouragement of agriculture, and based upon the principle, that he who sows in peace shall reap in peace. *Wigglesworth* v. *Dallison, Doug.* 201, reported also in 1 *Smith's Leading Cases* 299.

The custom is recognized in *Vandoren* v. *Everitt,* 2 *South.* 460, as the law of New Jersey. Its object is to give the tenant the full benefit of the crops of the year, of which he would otherwise be deprived, as they do not all ripen until after the expiration of his term.

The rule does not apply to a spring crop, as of oats, which is regarded as the product of a second year, unless it is expressly provided for by the lease.

The pleadings show that the plaintiff sowed the oats in this case by the consent of his landlord, and, as between those parties, the tenant will be entitled to the crop.

But the question here arises, had the landlord, who held un-

der the mortgage, any power to give such consent, to the prejudice of the mortgagee and his assigns.

Although in equity the mortgagor remains the actual owner of the land until foreclosure, yet the legal estate vests in the mortgagee, subject to be defeated on the performance of the condition for redemption. After the breach of the condition, he is liable to ejection without any notice whatever. *Keech* v. *Hale*, *Doug.* 22. And he has no right to emblements, for all the produce of the land forms part of the security. His possession usually being that of a tenant at will, he cannot make a lease to bind the mortgagee, nor will such lease entitle the tenant to notice to quit before ejectment brought.

In *Keech* v. *Hale*, a mortgagee brought an action of ejectment for a warehouse against a lessee who held under a lease made after the execution of the mortgage, and no notice given to quit. Lord Mansfield said, " When the mortgagor is left in possession, the true inference to be drawn from the agreement is, that he will possess the premises at will in the strictest sense, and therefore no notice is ever given to him to quit; and he is not even entitled to reap the crop as other tenants at will are, because all is liable for the debt, on the payment of which the mortgagee's title ceases. The mortgagor has no power, express or implied, to let leases not subject to every circumstance of the mortgage. The tenant stands exactly in the situation of the mortgagor. The possession of the mortgagor cannot be considered as holding out a false appearance. It does not induce the belief that there is no mortgage, for it is the nature of the transaction that the mortgagor shall continue in possession."

If such be the law in England, where the registration of a deed is not of itself notice, (*Bedford* v. *Backhouse*, 2 *Eq. Cas. Ab.* 615, *pl.* 12; *Wrighter* v. *Hudson*, *Ib.* 609,) a fortiori is it in New Jersey, where the registry of a mortgage duly made has the effect, by construction, of full notice.

In *Keech* v. *Hale*, the right of the lessee to reap the crop was not involved, as the ejectment was for a storehouse; but upon the principles recognized in that case, as well as the general principles of law and equity, the lessee is not entitled to

emblements. At law he is evicted by a paramount title, and a distinction is made as to the right to emblements between tenants of particular estates uncertain, defeasible by the act of the parties to the original contract or by the act of God, and those who have particular estates uncertain, defeasible by a right paramount.

Coke, in his *Commentaries on Littleton* 55, *b.*, after giving examples of the determination of uncertain estates by the act of God, and of the right of the tenant to the crop, remarks, " But where the estate of the lessee, being uncertain, is defeasible by a right paramount, or if the lease determine by the act of the lessee, as by forfeiture, condition, &c., then he that hath the right paramount shall have the crop."

In equity he is not entitled to emblements, for the land and all its produce form a security for the debt ; and as the creditor and lessee have equal equities, the former cannot be deprived of his legal right, for where equities are equal the law must prevail. *Coote on Mortgages* 345.

There is no priority of contract or of estate between the mortgagee and the tenant under a lease made subsequent to the mortgage. The mortgagee can neither distrain nor bring an action for the rent against the tenant. *Souders* v. *Vansickle,* 3 *Halst* 316 ; *McKirchan* v. *Hawley,* 16 *John.* 286.

Nor can the reservation of the grain, made by the sheriff at the time of the sale, avail the plaintiff. The sheriff had no authority to make such reservation. He was required to sell the mortgaged premises, and the grain growing was to be sold with it, as part of the means of raising the mortgage money. If he had power to reserve, he does not appear to have exercised it. The deed is without any such clause of reservation, and passed both the land and the crop upon it.

The demurrer is therefore well taken, and judgment must be rendered thereon for the defendant, with costs.