### † WEEKS *versus* MERROW.

A minor, who voluntarily abandons his father's house, without any fault upon the part of the latter, carries with him no credit on his father's account, not even for necessaries.

ON FACTS AGREED.

ASSUMPSIT, for board of defendant's minor son.

The parties lived in different towns and had no acquaintance with each other.

Defendant's minor son left his home, ample provision being there made for him, without his father's consent or knowledge, and worked elsewhere. He subsequently boarded with plaintiff, whose business it was to accommodate boarders, to recover pay for which this suit was brought.

If, under such circumstances, the father is liable for the board of his minor son, a default is to be entered; otherwise, a nonsuit.

*D. D. Stewart,* for defendant, cited *Angel* v. *McLellan,* 16 Mass. 28; Story on Contracts § § 57, 58. *Raymond* v. *Loyl,* 10 Barbour, 483; 2 Kent's Com. 193.

*N. Wilson,* for plaintiff.

RICE, J. — Where a child leaves his parent's house, voluntarily, for the purpose of seeking his fortune in the world, or to avoid the discipline and restraint so necessary for the

due regulation of families, he carries with him no credit; and the parent is under no obligation to pay for his support. *Angel* v. *McLellan*, 16 Mass. 28.

This doctrine is well sustained by authority, and though, at times, it may operate with apparent severity, is based upon sound principles. To permit a minor, at his election, to depart from his parent's house, with power to charge that parent with his support, would tend to the destruction of all parental authority, and invert the order of family government.

If a minor is forced out into the world by the cruelty or improper conduct of the parent, and is in want of necessaries, such necessaries may be supplied, and the value thereof collected of the parent, on an implied contract. Such, however, does not seem to be the case at bar.

According to the agreement a nonsuit must be entered.

*Plaintiff nonsuit.*