Wilson agt. Harvey.

# SUPREME COURT.

Mary L. Wilson agt. James M. Harvey *et al.*

*Attachment against property of non-residents — when motion to vacate will be granted.*

By the Code an attachment can only be issued in an action arising on contract for the recovery of money only, or in an action for the wrongful conversion of personal property.

This action is brought against the infant defendants and their general guardian. The infants and their general guardian are non-residents and the plaintiff is a sister of the infants' mother. Three causes of action are stated in the complaint: 1st. For boarding and maintaining the infants. 2d. For maintaining and taking care of their mother after the death of their father. And 3d. For legal expenses incurred in protecting the interests of the infants in certain real and personal estate to which they were entitled as heirs and next of kin of a deceased relative.

*Held*, that this action cannot be regarded as an action arising on contract for the recovery of money only, and an attachment cannot be allowed. Even if the infant defendants could be held liable on an implied contract for the matters set forth in the first and third causes of action stated in the complaint, on the ground that the board, raiment and supplies, &c., furnished and the moneys advanced and expended by the plaintiff were necessaries, the second cause of action cannot be sustained as arising on any contract, express or implied, of the infants. If the children could have been made liable to support their mother as an indigent and infirm person, upon the facts stated in the complaint (which seems doubtful), such liability would rest wholly upon the statute (1 *R. S.*, 604, *sec.* 1) and could only be enforced in the mode there directed. The law does not imply a promise from the child to pay for necessaries furnished, without his request, to an indigent parent, therefore the second cause of action stated in the complaint does not arise on contract for the recovery of money only.

*Held also*, that the joinder of a cause of action for which an attachment cannot issue, if standing alone, pursuant to the provisions of the Code, with one for which it might be issued, precludes the issuing of an attachment or is ground for vacating the same.

*Special Term, October,* 1875.

MOTION to vacate attachment.

*Mr. Lovejoy,* for motion.

*Mr. Tallmadge,* opposed.

LAWRENCE, *J.* — The action is brought against the infant defendants and their general guardian, and the prayer for relief in the complaint is, that it may be adjudged that the plaintiff recover the sum of $1,500, with interest, for the support and maintenance of said infants, as in said complaint mentioned; also, the further sum of $1,500, with interest, for the support and maintenance, medical and other care of the infants' late mother, Rachel D. Harvey, as in the complaint set forth; and also the sum of $750 for legal expenses incurred by the plaintiff, as in the complaint stated; and that it may be further adjudged that the said several sums be paid out of the estate of said infants now in the hands of their said general guardian, or which he may have under his control or in his possession, or with the surrogate of the county of New York, and that said guardian may be directed to make such payment, &c., and that the plaintiff may have such other or further relief, &c.

The infants and their general guardian are residents of the state of Illinois, and the plaintiff is a sister of the infants' mother.

Three causes of action are stated in the complaint, one for boarding and maintaining the infants, another for maintaining and taking care of their mother after the death of their father; and the third is for legal expenses incurred in protecting the interests of the infants in certain real and personal estate to which they were entitled as heirs and next of kin of a deceased relative.

An attachment has been issued against the defendants as

non-residents, and the complaint is referred to in the affidavit on which the attachment was issued, and it is made a part of said affidavit.

The property sought to be held under the attachment consists of moneys arising from the sale of the real estate above referred to under a judgment in an action brought for a partition, and of the moneys which the plaintiff claims to have saved for the infants by the legal proceedings above mentioned.

These moneys are in the hands of the surrogate and of the referee in the partition case, or in the trust company in which the referee was directed to deposit the same by the judgment in the partition suit.

Without discussing all the questions which were discussed upon the motion, there is a short answer, as it seems to me, to the claim of the plaintiff's counsel, that the attachment should be upheld. The Code only permits the issuing of an attachment in an action arising on contract for the recovery of money only, or in an action for the wrongful conversion of personal property. I do not see how this action can be regarded as an action arising on contract for the recovery of money only. Even if the infant defendants can be held liable on an implied contract for the matters set forth in the first and third causes of action stated in the complaint, on the ground that the board, raiment and supplies, &c., furnished, and the moneys advanced and expended by the plaintiff were necessaries, the second cause of action cannot be sustained as arising on any contract, express or implied, of the infants. Admitting that the children could have been made liable to support their mother, as an indigent and infirm person, upon the facts stated in the complaint, which may well be denied, such liability would have rested wholly upon the statute (1 *R. S.*, 614, *sec.* 1), and could only be enforced in the mode there directed.

*Edwards* agt. *Davies* (16 *Johns.*, 281). It was held in this case, which arose under the Revised Laws of 1813 (*p.* 286,

*sec.* 21), that the law does not imply a promise from the child to pay for necessaries furnished, without his request, to an indigent parent.

The provisions of the Revised Laws of 1813 are substantially the same as those of the Revised Statutes in regard to the liability of the child to support an indigent parent. It is quite obvious, therefore, that the second cause of action, stated in the complaint, does not arise on contract for the recovery of money only, and that the action is not for the recovery of money only (*Code, sec.* 227).

This is decisive of the motion, but there is another point to which I ought to allude. As one of the causes of action is an alleged claim for which an attachment could not issue, if standing alone; the attachment, it seems to me, cannot be supported even if it be conceded that the other causes of action are such as would authorize the issuing of an attachment against the property of non-residents. I cannot distinguish the case of an order of arrest from the case of an attachment. If the joinder of a cause of action for which the defendant cannot be arrested with one for which he can be, precludes the issuing of an order of arrest, or is ground for vacating such order if it has been issued, the same result must follow where an attachment has been sought for or granted in a case where one of the causes of action is one for which an attachment cannot issue pursuant to the provisions of the Code.

As to to the effect of such joinder in cases of arrest see *Lambert* agt. *Snow* (17 *How.*, 519); *McGovern* agt. *Payn* (32 *Barb.*, 84, 90 *and* 91).

Motion granted, with costs.