Dickman, J.
Issues of fact were joined between the parties, and upon submission to the court they were found for the defendant in error; but no exceptions were taken on the trial, and the record contains no bill of exceptions embodying the evidence. *458 The only questions before us for consideration, are such as may arise upon the original petition and subsequent pleadings. It is contended in behalf of Jacob Pretzinger that the original petition did not state facts sufficient to create a liability on his part, and that the court of common pleas should have entered up judgment in his favor, on the pleadings.
Izora Pretzinger was divorced from her husband, by reason of his misconduct, and his ill-treatment and neglect of her; and was, in consequence,- awarded the custody, nurture, education and care of their minor child, then about eight years of age. The court decreed an allowance to her as alimony, but it does not appear that any allowance was made to compensate her for the expense of her son’s maintenance. For several years after the granting of the divorce, she furnished to her son such boarding, clothing, care and attention, as were necessary and appropriate to his comfort and condition in life. When the divorce was granted the father was insolvent, but at the rendition of the judgment in the case at bar, he was solvent and able to support his son.
The duty of the father to provide reasonably for the maintenance of his minor children, if he be of ability, is a principle of natural law. And he is under obligation to support them, not only by the laws oF nature, but by the laws of the land. As said by Chancellor Kent, “The wants and weaknesses of children renders it necessary that some person maintains them, and the voice of nature has pointed out the parent as the most fit - and proper person.” 2 Kent’s Com. 190*; and see Trustees Jefferson Tp. v. Trustees Letart Tp., 3 Ohio, 100; Edwards v. Davis, 16 John. 281. This natural duty is not to be evaded by the husband’s . so conducting himself, as to render it necessary to dissolve the bonds of matrimony, and give to the mother the custody and care of the infant offspring. It is not the policy of the law to deprive children of their rights on account of the dissensions of their parents, to which they aré not parties; or to enable the father to convert his own misconduct into a shield against parental liability. The divorce may deprive him of the cus *459 tody and services of liis children, and of the rights of guardianship against his will; but if by the judgment of the court, and upon competent and sufficient evidence he is found to be an unfit person to exercise parental control, while the mother is in all respects the proper person to be clothed with such authority, he cannot justly complain.
The alimony allowed by the court below is not to be construed into an allowance for the support, also, of the child. Alimony, in its proper signification, is not maintenance to the children, but to the wife; and the fact that there has been a judgment of divorce, with alimony and custody of minor children to the wife, will not of itself- operate as a bar to a subsequent claim against the husband for the childrens’ maintenance.
We think it is a sound principle that, if a man abandons his wife and infant children, or forces them from home by severe usage, he becomes liable to the public for their necessaries. The doctrine is stated in. Weeks v. Merrow, 40 Me. 151, that, if a minor is forced out into the world by the cruelty or improper conduct of the parent, and is in want of necessaries, such necessaries may be supplied, and the value thereof collected of the parent, on an implied contract. See also, the language of Metcalf, J., in Dennis v. Clark, 2 Cush. 352; 2 Kent’s Com. 193; Stanton v. Willson, 3 Day, 37; Lord Eldon, in Rawlyns v. Vandyke, 3 Esp. 252; Fitler v. Fitler, 33 Pa. St. 50. There is evidently no satisfactory reason for changing the rule of liability, when, through ill-treatment, or other breach of marital obligation, the husband renders it necessary for a court of justice to divorce the wife, and commit to her the custody, of her minor children. If, under such circumstances, upon the allowance of alimony with custody of children, the court omits to make an order for the children’s maintenance, the father’s natural obligation to support them is of none the less force.
It has been held in England that, where a wife is living sepárate from her husband on account of his misconduct, and the custody of their infant child is given to her against the husband’s will, by the master of the rolls, under the statute, *460 the wife will be clothed with power to pledge the husband’s credit, for the reasonable expenses of providing for the child. Bazeley v. Forder, 3 Q. B. L. R. 559, was an action for goods sold and delivered. The plaintiff, on the order of the defendant’s wife, had supplied clothes for the defendant’s child. The wife was living separate from him, for reasons which justified her doing so, and the child, which was under seven years of age, was living with her, against the defendant’s will, having been transferred by judicial order, under the statute, from the father’s custody to that of the mother. Blackburn, J., said, “ I think, on principle, that as soon as the law became such that a wife separated from her husband might properly and legally have the custody of her infant children under the age of seven years, though the husband objected, it became a reasonable and necessary thing that she should clothe and feed those children according to their degree. It is true that in one sense, this is an expense voluntarily incurred by the wife as she is not obliged to ask for, or take the custody of her child; but I think the wife’s authority in such cases is to pledge the husband’s credit for her reasonable expenses, though they exceed what she is obliged to incur.”
It is urged that the father is released from obligation to maintain his infant children, when deprived of their society and services against his will. But if voluntary misconduct on his own part leads to the deprivation, he is himself responsible, and not the court which intervenes for the protection °of his children. And if the father, as against- a stranger, cannot escape liability for necessaries furnished to his minor children, though remaining with their mother after the divorce, the mother will not be barred of an action against her former husband, for the expense of maintaining the children. After a dissolution of the marriage relation by divorce, the parties are henceforth single persons, to all intents and purposes. All marital duties and obligations to each other are at an end, and' they become as strangers to each other. Upon the establishment of such new relations, a promise may be implied, on the part of the father, to pay the mother, as well as a third person, who has supplied the necessary wants of his infant child.
*461 The Statute, 43 Eliz., Ch. 2, directs that “ the father and mother, grand-father and grand-mother, of poor, impotent persons, shall maintain them, if of sufficient ability, as the quarter-sessions shall direct.” Its provisions have been re-enacted in several of our states; and. in view of the special enactment it has been held that, where the husband and wife are divorced, and upon her application the custody and control of their minor children are awarded to her, she cannot, in an action against the father, recover for the entire support of such children furnished by her after the divorce, but only for contribution. But there is no such statute in this state, and in general, after a divorce as well as during coverture, the primary duty of maintaining any minor child of the marriage still remains with the former husband.'
An early case in support of the conclusions to which we have arrived, is Stanton v. Willson, supra, a decision says Ellsworth, J., in Finch v. Finch, 22 Conn., 421, “ well considered by a court of distinguished and unsurpassed ability, and which, so far as my knowledge extends has ever been satisfactory to the judges and the profession, and sustained by principles as old as the common law itself.” The action was book-debt by the plaintiff, the former wife of John Bird, against Willson, executor, for education and support, furnished by her, before her inter-marriage with Stanton, to the children of Bird. The court say, “ By the divorce, the relation of husband and wife was destroyed; but not the relation between Bird and his children. His duty and liability, as to them, remained the same, except so far forth as he was incapacitated, or discharged, by the terms of the decree. This decree takes from him the guardianship of two of his children, This transfer of the guardianship to the plaintiff vested her with powers similar to those of guardians, in other cases; and the appointment of the plaintiff to this trust did not subject her to the maintenance of the children, her wards, any more than a stranger would have been subjected by a like appointment. By accepting the trust, she became bound to provide for, protect and educate them, at the expense of Bird, unless the decree of the general assembly has made other adequate provision, which by the terms of that *462 decree, she is bound to apply. This is'not the case here. The sum allowed was directed to be paid to her as her part and portion of Bird’s estate, and in lieu of all claims of dower.”
Other well considered cases have enforced the same doctrine. In Plaster v. Plaster, 47 Ill., 290, there was a decree dissolving the marriage relation, and giving the custody of the minor child to the mother, because of the unfitness of the father, and allowing a sum in gross as her alimony. A supplemental petition was afterwards filed by the mother, claiming pay for the support and education of the child, for the time intervening between the decree granting the divorce and the filing of the petition. The petition was dismissed, and on error it was insisted that the court should have retained the petition and granted the relief sought. The supreme court, in reversing the decree of the court below, declared itself unable to appreciate the force of the objection that because by the decree of divorce the custody of the child was given to the mother, the defendant was absolved from his further support and nurture. As if was the father’s neglect of duty that produced the divorce, and warranted the decree giving the custody of the child to the mother, the court rightly observed that, his being adjudged an improper person to have the custody, care and education of his child, could not release him from both his natural and legal duty. The money decreed to the mother having been declared to be for her use, and there being no implication that any portion was intended as an equivalent for the support of the child, it was held that the defendant in error was liable for necessary and proper expenditures for the child’s support, but only for such support as the child was unable himself to procure; and that after he became able to earn a support, in whole or in part^ the/father was not bound to maintain him in idleness, but only to pay for such portion as the child could not earn by reasonable effort. See also Conn v. Conn, 57 Ind. 323; Courtright v. Courtright, 40 Mich. 633; Buckminster v. Buckminster, 38 Vt. 252; Holt v. Holt, 42 Ark. 495.
It is contended that the defendant in error should have sought her remedy in the original divorce suit, by a modification of the decree. It is doubtless recognized as the general *463 doctrine that the court may, upon application made in the same cause, modify its decree as to alimony, from time to time, on any change in the condition of the parties, as justice may require. And such modification may be obtained by an original petition upon proper allegations. Olney v. Watts, 43 Ohio St. 499. But, as we have already seen, the expense of maintaining her minor child, was not included in the judgment allowing alimony to the defendant in error.
Owing, it may be, to the father’s insolvency, the enforcement of his obligation to provide necessaries for his child, was left to the future, as his indebtedness might be incurred by the furnishing of such necessaries by others, or as his pecuniary condition might improve. But, while in the decree no order was made for the child’s maintenance, the father could not avoid liability for his reasonable support, because an action against him for necessaries had been commenced in another tribunal, or because of his removal into another county. The natural obligation resting upon him in the forum of divorce would not become lifeless because its enforcement was not sought in the jurisdiction in which the divorce was granted. Although the record shows that the original action in divorce was in the court of common pleas of Darke county, while the petition subsequently filed to charge the husband with the support of the child, was filed in the court of common-pleas of Montgomery county, it was not sought in the latter court to change or modify, in any manner, the decree in the divorce cause, but only to enforce a claim growing out of a natural obligation of the father, which was antecedent to the decree, and which the decree left unimpaired.
The circuit court, we think, did not err in affirming the judgment of the court of common pleas, and the judgment of the circuit court is, therefore, affirmed.
Judgment accordingly.