### ADAMS *v.* HILLIARD *et al.*

#### (*Supreme Court, General Term, Fifth Department.* April 16, 1891.)

**1. ATTACHMENT—AFFIDAVIT OF NON-RESIDENCE.**

An affidavit of non-residence, filed in support of an attachment, alleged that plaintiff was informed and believed that all the defendants except one J. resided without the state, stating the places of residence of some of the defendants, and alleging that the residence and whereabouts of the other defendants was unknown to plaintiff, and that the same could not be ascertained after due diligence on the part of plaintiff; and that plaintiff's information was obtained from affidavits on file in a partition suit which had theretofore been brought against defendants. The affidavit of plaintiff's attorney alleged that he was not personally acquainted with any of the defendants, except J., who resided in New York city, but that he had corresponded with such other defendants, and was satisfied from such correspondence that they were all residents of the state of Michigan, or of the dominion of Canada; that he had placed the summons in the hands of the sheriff of the county wherein the action was brought, but that after due and diligent effort service could not be made in that county or in the state, as appeared by the sheriff's certificate thereto annexed. The sheriff's certificate stated that defendants could not be found in the county, and that, so far as the sheriff could learn, they were not residents of the state. *Held,* that the affidavits were sufficient.

**2. DESCENT AND DISTRIBUTION—LIABILITY OF HEIRS AND DEVISEES.**

A cause of action for medical services rendered a decedent is one arising out of contract, within Code Civil Proc. N. Y. § 1843, which renders the heirs or devisees of a decedent liable for his debts, arising out of contract, to the extent of the estate descended or devised to them. Distinguishing *Wilson* v. *Harvey*, 52 How. Pr. 126.

Appeal from special term, Monroe county.

Action by Reuben A. Adams against Nancy Ann Hilliard and others. From an order denying a motion to vacate an attachment, defendants appeal.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*William B. Hale,* for appellants.    *W. Martin Jones,* for respondent.

CORLETT, J. The complaint alleges, in substance, that Catherine J. McKale died on the 9th day of August, 1884, in the city of Rochester, leaving a will, by which W. Martin Jones was appointed executor. The material parts of the will are as follows: "*First.* After all my lawful debts are paid and discharged, I give and bequeath unto my sister Nancy J. McKale, formerly of Hull, Ontario, if living at the time of my decease, and to her heirs and assigns forever, the sum of three hundred dollars: provided, however, that if neither my said sister or her lawful representative shall be found within five years from my decease, then I give the said sum of three hundred dollars to my sister Mary Butler, widow of Patsy Butler, of Canada. *Second.* I give, devise, and bequeath unto the child of my brother John McKale, formerly of Hull, Ontario, the sum of three hundred dollars: provided, however, that if said child be not living at the time of my decease, or if not found in five years thereafter, then I give said sum to my sister Mary Butler. *Third.* I give, devise, and bequeath unto my said sister Mary Butler all the rest, residue, and remainder of my estate, both real and personal, of which I may die seised or possessed, or to which I may in any manner be entitled at the time of my de-

cease. *Fourth*. I give unto my executor hereinafter named full power and authority to contract for the sale, and to sell any or all real estate to which I may die seised or possessed, giving full and perfect title thereto."

The deceased at the time of her death left some land in the city of Rochester, being lots 23 and 24, having a front of about $23\frac{1}{2}$ feet on the west side of South Union street, extending back 108 feet. The testatrix left her surviving the defendants in this action, heirs at law and next of kin. The complaint also alleges that all the defendants reside either in Canada or Michigan, except the defendant James A. McKale. The plaintiff was a physician and surgeon, engaged in the practice of his profession in the city of Rochester in 1883 and 1884. In the former year he rendered medical services for the testatrix, Catherine J. McKale, of the value of $43, and in the year 1884 he and his partner rendered services of a like character of the value of $179, amounting in all to $222, with interest, of which the plaintiff became the sole owner. The plaintiff presented the above claims for services to the executor, by whom they were allowed, but never paid. The land above mentioned was sold in an action of partition. The proceeds of the sale are the only assets or funds available to the payment of the plaintiff's demand. This action was brought to recover for those services. In November, 1890, the plaintiff obtained an attachment from a justice of this court at chambers against the non-resident defendants. The application was based upon the verified complaint, (which includes a copy of the will,) the affidavit of Reuben Adams, sworn to on the 29th day of November, 1890, and the affidavit of the plaintiff's attorney, W. Martin Jones, verified on the same day. The formal parts of the affidavit of Adams recite, in substance, the allegations contained in the complaint, and that the testatrix left no personal property out of which the plaintiff's debt could be collected. The affidavit then states "that all said legatees, heirs, and next of kin reside without the state of New York, except the defendant James A. McKale; that there are no off-sets against said claim, as deponent is informed and verily believes, and he is justly entitled to recover the said sum of money so first above specified, with interest, as aforesaid, over and above all counter-claims, discounts, and set-offs known to the plaintiff; that plaintiff is informed and believes that all of the defendants, except the said James A. McKale, have resided out of the state of New York at all times, and at places as follows: Nancy Ann Hilliard and Nancy Jane Butler reside at Cadilac, in the state of Michigan; the defendants Bartholomew McKale and Margaret McKale, his wife, reside at Avocà, in the province of Quebec; that the defendants Anthony McKale and Margaret McKale, his wife, reside at Cassabasaway, in the province of Quebec; that the defendants Anthony Butler and Anna Butler, his wife, reside at Ottawa, Ontario; the defendants John Butler and Martha Butler, his wife, reside at Rochesterville, in the province of Ontario; that the defendant Mary Elizabeth Burns resides at Renfrew, in the province of Ontario; and that the residence and whereabouts of the defendants Bridget McKale and Margaret McKale are unknown to plaintiff, and the same cannot be ascertained after due diligence on the part of the plaintiff; that they were sisters of the half blood of the said Catherine J. McKale, and at one time resided in the dominion of Canada, but that plaintiff, after due diligence, has been unable to ascertain their present place of residence; that plaintiff's source of information concerning the residence of said defendants is obtained from affidavits on file in the office of the clerk of the county of Monroe, and in papers comprising the judgment roll in the action for partition referred to in plaintiff's complaint, wherein Nancy Ann Hilliard was plaintiff and the other defendants herein were defendants." The affidavit of the attorney on the subject of residence is as follows: "That he is personally acquainted with one of the defendants in this action, James A. McKale, who resides in the city of New York: that he has met the husband of the defendant Hilliard, but has never met any of the other defendants in this action;

that he has corresponded with the defendants Hilliard and several of the other defendants in the action, and that from such correspondence he is satisfied that they are all residents either of the state of Michigan or of the dominion of Canada; that he has placed the summons in this action in the hands of the sheriff of Monroe county for service, and that he has made due and diligent effort to secure such service upon the defendants in this state; that, after placing such summons in the hands of the sheriff of Monroe county, the sheriff, after due and diligent effort, was unable to make such service within the county of Monroe or state of New York, as appears by his certificate hereto annexed." The certificate of the sheriff, above referred to, is to the effect that the defendants cannot be found in the county of Monroe, and that, so far as the sheriff could learn, they were not residents of the state. Application was made in December, 1890, to vacate the attachment at special term, in Rochester, based on the same papers on which it was granted. This was denied, and the defendants appealed to this court.

Applying to the papers and affidavits in this case the doctrine of construction adopted by this court in *Jaffray* v. *Nast*, 10 N. Y. Supp. 280, and *Loeser* v. *Rosman*, 10 N. Y. Supp. 415, they were sufficient to authorize the issuing of the attachment. To the same effect are *Pierson* v. *Freeman*, 77 N. Y. 589; *James* v. *Richardson*, 39 Hun, 399; and *Buell* v. *Van Camp*, 119 N. Y. 160, 23 N. E. Rep. 538. The learned counsel for the appellants insists that the cause of action alleged in the complaint did not arise upon a contract, express or implied, under section 1843 of the Code of Civil Procedure, and cites, in support of his contention, *Wilson* v. *Harvey*, 52 How. Pr. 126, which, so far as material here, simply decided that the law does not imply a promise from a child to pay for necessaries furnished without his request to an indigent parent, and that such a cause of action did not arise upon contract. He also cites *McCoun* v. *Railroad Co.*, 50 N. Y. 176. That action was to recover a penalty created by statute. But this action arose upon a contract, and is for the recovery of money. An implied contract is created by law to establish justice between parties. It does not require mutual consent, but may bind a party against his will. Bish. Cont. §§ 28, 184, 204, 205, 214, 237; *U. S.* v. *Graff*, 67 Barb. 304. The order appealed from must be affirmed. All concur.