Gaynor, J.:
The defendant was under no legal obligation to ,pay for the work. ISTor is there any question of acceptance as of a chattel, for there was nothing capable of being rejected or taken ■away. Did, then, his promise bind him? Lord Mansfield with his keen perception, broad mind, and aversion to alleged rules of law resting on misunderstood or inadvertent remarks of judges, instead <of on foundations of reason and justice, said in Hawkes v. Saunders (Cowp. 289), that “ Where a man is under a moral obligation, which no court of law or equity can enforce, and promises, the honesty and rectitude of the thing is a consideration.” Buller, J. said in the same case, “ if such a question were stripped of all authority it would be resolved by inquiring whether law were a rule of justice, or Whether it was something that acts in direct contradiction to justice, conscience and equity.” If the rule so plainly stated by Lord Mansfield, that a moral obligation was of itself sufficient consideration for a subsequent promise, .had been followed, the sole question in each case would be whether there was a moral •obligation to support the promise. That would resolve the present case for the plaintiff. ' But it has not been always followed, I have examined the cases on the subject in England and here from the beginning. They are irreconcilable, and it would be no use to cite and review them.
But notwithstanding much stray remark by judges may be cited to the contrary, it seems to me that a promise to. pay for antecedent value received by the promisor from the promisee binds, although there Was never any obligation to pay which could be enforced. Why not? Such a case is not one of mere moral obligation resting *239 on no consideration received, if there can be any such abstract moral obligation. The case is one of moral obligation created by a past valuable consideration derived from another. Eor instance, a promise after coming of age to pay a debt incurred during infancy, and which cannot be enforced, or by a woman after coming dis-covert to pay a like debt incurred while covert, is binding (Southerton v. Whitlock, 1 Stra. 690; Cooper v. Martin, 4 East, 76; Lee v. Muggeridge, 5 Taunt. 37; Goulding v. Davidson, 26 N. Y. 604). On the other hand, a subsequent promise by a father to pay for the care of his adult son while sick among strangers, or of a son to pay for like care of his father, is not binding (Mills v. Wyman, 3 Pick. 207; Cook v. Bradley, 7 Conn. 57; Parker v. Carter, 4 Munf. 273), The distinction is that in the former class of cases there was past valuable consideration to the promisor, while in the latter not. The promise in the one class is not a naked pact, for it is not to pay something for nothing; while in the other class just that is the case.
There is much mention in opinions of judges of the learned reporter’s note to Wennall v. Adney (3 Bos. & Pul. 247), which seems to be closely followed by another learned reporter’s note to Edwards v. Davis (16 Johns. 281). It is construed to mean that only a subsequent promise which revives an obligation formerly en-forcible either at law or in equity, but which has grown extinct, is binding. “ But a mere moral or conscientious obligation, unconnected with any prior legal or equitable claim, is not enough ”, is the rule reduced from the said note in a number of cases (as in Ehle v. Judson, 24 Wend. 97). And yet the same opinions say that the moral obligation “ to pay a debt contracted during infancy or coverture, and the like ”, is sufficient to support a subsequent promise; as though in such cases the moral obligation rested on a prior legal or equitable claim, which it does not. Such is true though of a promise to pay a debt barred by the statute of limitations or by a discharge in bankruptcy, which all of the cases hold to be binding.
The actual decisions most worthy of attention (not feeling bound by mere general remarks of judges and their citation) make two classes. In one of them the promise is held binding because based on a former obligation enforcible at law or in equity, which obligation it revives; in the other because the promisor though never under any such obligation nevertheless received an antecedent valuable consideration. Hence the rule seems to be that a subsequent promise founded on a former enforcible obligation, or on value prer viously had from the promisee, is binding.
*240 It does not seem to me there is any actual decision in this state opposed to this.. Some decisions may seem to be until something more than the head note and bare opinion are considered. The actual decision cannot be broader than the actual facts. The promise in Frear v. Hardenbergh (5 Johns. 272) was by the owner of land to pay a trespasser in possession the value of his improvements if the owner prevailed in his action of ejectment then pending. The plaintiff had entered knowing that he had no title, and it was held that no moral obligation for the promise could arise out of the wilful trespass.
The language of the opinion in Eastwood v. Kenyon (11 Ad. & El. 438) is very large, but the point decided does not seem controlling of cases like the present one. After coming of age the woman promised to pay back moneys expended by her father’s executor for her benefit upon her real property during her infancy. Having afterwards become covert, her husband promised to pay the same. An action against him on his promise was not sustained, the opinion saying: “ If the ratification of the wife while sole was relied on, then a debt from her would have been shewn, and the defendant could not have been charged in his own right without some further consideration, as of forbearance after marriage, or something of that sort.” The debt was the wife’s, and while the husband was liable for it by the common law in an action against both of them, he was not liable in an 'action against him in his own right on his said assumpsit. The point is technical.
Chancellor Kent does not confine the validity of such promises to cases of past legal obligation, but extends it to cases of the existence of a prior consideration. He says it is an unsettled point whether a moral obligation is of itself “ a sufficient consideration for a promise, except in those cases in which a prior legal obligation or consideration had once existed” (2 Com. 465).
I do not pretend that this question is free from doubt, but to use the words of Chief Justice Marshall, “ I do not think that law ought to be separated from justice where it is at most doubtful ” (Hoffman v. Porter, 2 Brock. 159), and that has no doubt influenced me some in reaching a conclusion.
Judgment for the plaintiff.