(33 Misc. Rep. 560.)

### OPPER et al. v. HIRSH et al.

(Supreme Court, Special Term, New York County. January, 1901.)

1. AGREEMENT BY SON FOR FATHER'S BENEFIT—ENFORCEMENT BY MOTHER.

Where defendant agreed with C.'s son to release a judgment against C., in consideration of services rendered defendant by C.'s son, C. cannot maintain an action to enforce the agreement, since there was not a sufficient duty owing from the son to C. to support the action.

2. SAME—RIGHTS OF SON—COMPLAINT—SUFFICIENCY.

The statutory obligation of a son to support his mother, in case her estate was not sufficient, and his expectancy of inheritance, constituted a sufficient interest to support an action by him, on a complaint which alleged that defendant, in consideration of services rendered her by plaintiff, agreed to release a judgment against plaintiff's mother, and that defendant was attempting to enforce the judgment.

3. AGENCY—ALLEGATIONS—SUFFICIENCY.

An averment that the agreement sued on was made for defendant by another, "as and representing himself to be the defendant's agent," was sufficient to charge defendant.

4. PROPER PARTIES—MISJOINDER.

Where defendant agreed to release a judgment against the plaintiff's mother, in consideration of services rendered defendant by plaintiff, the fact that plaintiff's mother was made a party to an action to enforce the agreement did not render the petition objectionable for misjoinder of parties.

Action by Victor M. Opper and others against Sophie Hirsh and others. Demurrer to the complaint overruled.

David Levy, for plaintiffs.
Nathan D. Storm, for defendant Hirsh.
John S. Davenport, for defendant Jellenik.

BISCHOFF, J. The action is in equity to enforce an agreement made by the defendant Hirsh with the plaintiff Victor M. Opper, whereby, in consideration of services to be rendered by the latter,

this defendant promised to release and discharge a certain judg-
ment about to be entered in her favor, and against the plaintiff Caro-
line Opper, the mother of the plaintiff Victor. Performance by
Victor is alleged, and also the violation of the agreement upon the
part of the defendant Hirsh, through her attempt to enforce the judg-
ment. I have no doubt that the plaintiff Caroline could not main-
tain the action in her own behalf, in that, while she would be bene-
fited by the carrying out of the agreement, there was no sufficient
duty or obligation owing from Victor to her to support her right of
action upon the promise made to him, by another, for her benefit.
Durnherr v. Rau, 135 N. Y. 219, 32 N. E. 49. Buchanan v. Tilden,
158 N. Y. 109, 52 N. E. 724, 44 L. R. A. 170, was an extreme case,
resting upon equities in addition to those founded upon the husband's
duty to provide support for his wife, and is no authority for the
proposition that the plaintiff Caroline, in this case, may enforce the
agreement made solely with her son; the element of a legal duty to
provide support being absent from the relation sustained by a child
towards the parent. Edwards v. Davis, 16 Johns. 281. However,
this would not affect the sufficiency of the complaint if a cause of
action is stated in favor of the plaintiff Victor, and the joinder of
Caroline as a party plaintiff would not disclose a misjoinder of par-
ties, if she is a proper party, either as plaintiff or defendant, to an
equitable action of this character (15 Enc. Pl. & Prac. 672, 673;
Code, §§ 446–448); her interest not being adverse. I think that the
plaintiff Victor has a sufficient interest in the carrying out of the
defendant's promise to enable him to look for relief in a court of
equity, and that his remedy is not confined, as suggested, solely
to an action at law to recover the value of the consideration which
he gave. The contract being for the betterment or protection of his
mother's estate, the purpose for which he gave consideration is not
to be defeated through the defendant's disregard of her obligations,
unless his interest is so unsubstantial as to be unworthy of equita-
ble cognizance. This I do not take to be the fact. While, as I have
said, no personal duty of support is owing to the mother, for her bene-
fit, by the son, the sufficiency of the mother's estate for her own sup-
port is a matter of interest to the son, in view of his statutory obli-
gation, accruing to the county, to support her should the depletion
of her means render her destitute and her support a possible county
charge. Moreover, the expectation of inheritance, recognized by the
law, would afford an interest by no means immaterial, assuming the
mother's estate to be substantial and in no danger of insolvency.
My conclusion is therefore that the complaint states a cause of ac-
tion.

The averment that the agreement was made for the defendant
Hirsh by another, "as and representing himself to be" her agent,
sufficiently charges that defendant, since the word "as" involves the
fact of agency irrespective of the representations of the agent, and
the complaint is not insufficient as to the defendant Jellenik, in so
far as he is joined as a party making some claim under the judgment
which is the subject of the action. The plaintiff Caroline, the judg-
ment debtor, is certainly a proper party to the record where the

purpose of the action is to set aside the judgment, whether the action is brought in her behalf or not, and, as above noted, her presence as a nominal plaintiff does not disclose a misjoinder.

Demurrer overruled, with costs. Leave to defendants to answer upon payment of costs within 20 days.