VICTOR M. OPPER et al., Plaintiffs, *v.* SOPHIE HIRSH et al., Defendants.

(Supreme Court, New York Special Term, January, 1901.)

Consideration — Promise of a son to pay his mother's debt.

An agreement by which a son promises a woman, about to enter judgment against his mother, that he will render her certain services in consideration of her releasing the judgment has a valid consideration, not only in view of the son's statutory obligation to support his mother, should she become destitute, but also because of his expectation of inheritance; and therefore, where the son has performed his part of the agreement, he may restrain the woman from enforcing the judgment.

The mother could not maintain the action herself, but is a proper party plaintiff.

ISSUES of law upon demurrer to complaint.

David Levy, for plaintiffs.

Nathan D. Stern, for defendant Hirsh.

John S. Davenport, for defendant Jellenik.

BISCHOFF, J. The action is in equity to enforce an agreement made by the defendant Hirsh with the plaintiff Victor M. Opper,

whereby, in consideration of services to be rendered by the latter, this defendant promised to release and discharge a certain judgment about to be entered in her favor and against the plaintiff, Caroline Opper, the mother of the plaintiff Victor.

Performance by Victor is alleged, and also the violation of the agreement upon the part of the defendant Hirsh, through her attempt to enforce the judgment.

I have no doubt that the plaintiff Caroline could not maintain the action in her own behalf, in that, while she would be benefited by the carrying out of the agreement, there was no sufficient duty or obligation owing from Victor to her to support her right of action upon the promise made to him, by another, for her benefit. Durnherr v. Rau, 135 N. Y. 219.

Buchanan v. Tilden, 158 N. Y. 109, was an extreme case, resting upon equities in addition to those founded upon the husband's duty to provide support for his wife, and is no authority for the proposition that the plaintiff Caroline, in this case, may enforce the agreement made solely with her son, the element of a legal duty to provide support being absent from the relation sustained by a child toward the parent. Edwards v. Davis, 16 Johns. 281.

However, this would not affect the sufficiency of the complaint if a cause of action is stated in favor of the plaintiff Victor, and the joinder of Caroline as a party plaintiff would not disclose a misjoinder of parties, if she is a proper party, either as plaintiff or defendant, to an equitable action of this character (15 Ency. of Pl. & Pr. 672, 673; Code, §§ 446, 447, 448), her interest not being adverse.

I think that the plaintiff Victor has a sufficient interest in the carrying out of the defendant's promise to enable him to look for relief in a court of equity, and that his remedy is not confined, as suggested, solely to an action at law to recover the value of the consideration which he gave.

The contract being for the betterment or protection of his mother's estate, the purpose for which he gave consideration is not to be defeated through the defendant's disregard of her obligations, unless his interest is so unsubstantial as to be unworthy of equitable cognizance.

This I do not take to be the fact. While, as I have said, no personal duty of support is owing to the mother, for her benefit, by the son, the sufficiency of the mother's estate for her own support

is a matter of interest to the son in view of his statutory obligation, accruing to the county, to support her should the depletion of her means render her destitute and her support a possible county charge. Moreover, the expectation of inheritance, recognized by the law, would afford an interest by no means immaterial, assuming the mother's estate to be substantial and in no danger of insolvency.

My conclusion is, therefore, that the complaint states a cause of action.

The averment that the agreement was made for the defendant Hirsh by another "as and representing himself to be" her agent, sufficiently charges that defendant, since the word "as" involves the fact of agency irrespective of the representations of the agent, and the complaint is not insufficient as to the defendant Jellenik, in so far as he is joined as a party making some claim under the judgment which is the subject of the action.

The plaintiff Caroline, the judgment debtor, is certainly a proper party to the record where the purpose of the action is to set aside the judgment, whether the action is brought in her behalf or not, and, as above noted, her presence as a nominal plaintiff does not disclose a misjoinder.

Demurrer overruled, with costs; leave to defendants to answer upon payment of costs within twenty days.