Selover agt. Forbes.

---·•·---

## SUPREME COURT.

### Selover, receiver, &c. agt. Forbes.

A *motion* founded on *irregularity* of any proceedings, cannot be made where the irregularity complained of is not specified in the *notice*. (*See to the same effect the case of Perkins agt. Mead, p.* 476.)

Stringent *terms* imposed on the defendant on opening the judgment by default against him, where his best excuse was that both he and his attorney neglected to attend to the case.

*New York Special Term, October,* 1859.

Motion by defendant to open judgment by default, and to be allowed to come in and defend.

Ingraham, Justice. This motion cannot be made for any irregularity even if there were such a ground, because the irregularity complained of is not stated in the notice.

The only question therefore is, whether the defendant has shown any good cause for opening the judgment.

At best the excuse is that both he and his attorney neglected to attend to the case, the one because the receiver

had, through a trick practiced upon him, been induced to discontinue the action, which discontinuance was after- wards set aside, and the other because he did not know where his client was to be found.

Under ordinary circumstances such excuses ought to be of no avail, but as this action is brought by a receiver who has no knowledge of the validity of the claim, except that which is obtained from others, and as the defendant denies positively any indebtedness whatever, I have with much hesitation come to the conclusion to allow the defendant a trial upon the following terms, viz : The judgment and exe- cution to stand as security, and the sheriff to be allowed to proceed on the execution unless the defendant secures him thereon, the defendant to withdraw his appeal from the order of Judge CLERKE, and to pay all costs of the reference and of the subsequent proceedings, and $10 costs of this motion.

If these conditions are not complied with in ten days from service of notice of this order, the same is denied.