HENRY R. PIERSON, Receiver, etc., v. FREDERICK A. FREEMAN, Impleaded, etc.

Where, in an affidavit upon which an order of arrest is granted, the facts are stated positively, not on information and belief, are not denied or disputed by defendant when opportunity is afforded, and the facts alleged are not such that the affiant could not by any possibility have sufficient knowledge of to verify, an appellate court, sitting in review of the order, may take the facts as stated.

Where facts are thus positively affirmed, the affiant is not required to state the source of his knowledge or his means of information; this is necessary only where the facts are stated on information and belief.

(Argued March 25, 1879; decided April 8, 1879.)

THIS was an appeal from an order of General Term affirming an order of Special Term, refusing to vacate an order of arrest. The motion to vacate was made upon the papers on which the order of arrest was granted.

The action was brought by plaintiff, as receiver of the Guardian Mutual Life Insurance Company, to recover damages for an alleged fraud.

The principal affidavit upon which the order of arrest was issued stated, in substance, that defendants fraudulently conspired with others, officers and trustees of the Reserve Mutual Life Insurance Company, of which company defendant Freeman was secretary, and owner of a majority of its stock, to cheat and defraud said Guardian Mutual by and under cover of a transfer of 3,533 shares of the stock of the Reserve Mutual; that in pursuance thereof said stock was transferred by defendants Freeman and Homans to the other defendants, who were officers of the Guardian Mutual, at par, when, as was well known to defendants, it was worth

less than par ; that said stock was paid for out of the funds of the Guardian Mutual, by reason whereof the policy-holders and creditors of the latter company were cheated and defrauded out of the sum of $252,500. *Held*, that defendants could be arrested in such an action under section 549 of the Code of Civil Procedure, and that the affidavits sufficiently showed the fraud alleged.

The court laid down the rules above stated.

*Will Man* for appellants.

*William C. Trull* for respondent.

EARL, J., reads for affirmance of order.
All concur.
Order affirmed.