Hyatt, J.
— It is claimed in support of the order vacating the attachment, that the affidavit upon which it was granted was insufficient, for the reason that “ there is nothing therein contained showing any knowledge in the agent of the fact whether the defendant has any counter-claims or offsets, or any admission on the subject made by the defendant, nor is there any reason assigned why the affidavit as to no counterclaims was not made by one of the plaintiffs.”
The affidavit of Cohen alleges that “ he is the agent and one of the salesmen for the plaintiffs herein ; that at certain specified dates the plaintiffs sold and delivered to the defendant at his special instance, goods of a certain value, no part of which-- has been paid, although deponent has demanded payment of the defendant, and said sum is due to the plaintiffs herein from the defendant, over and above all claims and offsets. This affidavit fulfills the requirements of the statute (Go'de Civil Pro., seo. 636).
This case does not fall within the rule of Murray agt. Hamkin (30 Hun, 37). In that case the objection was taken that the affidavit of the agent stated that the plaintiff was *337 entitled to recover a sum, over all counter-claims, to the knowledge of deponent. The court held that if the allegation had stated “ to the knowledge of the plaintiff,” it would have been sufficient.
The learned chief justice, dissenting from the decision of the court vacating the attachment on this objection, remarked that “ the agent evidently had better, or at least as good, knowledge of the condition of things between the plaintiff and the defendant as the plaintiff himself.”
¡Nor will the case of Cribben agt. Schillinger (30 Hun, 242) avail the subsequent lienors. In that case the affidavit was made by one of the plaintiff’s attorneys that “ a sum was due over all counter-claims known to the plaintiff or to the deponent.” The court held that the fact that the affidavit was made by the attorney and not by the plaintiff was sufficiently accounted for, it having been shown that the plaintiff resided out of the state, and it might have sufficed if it appeared that he had any knowledge as to the existence of counter-claims, and perhaps it would have been enough (though as to that we express no opinion) if he had stated that he was informed by his clients that none existed.
The reason of this rule is apparent; an attorney-at-law is not presumed to be familiar with the every day occurrences and general routine of the personal business of his clients; but an agent and salesma/n usually is so; he is constantly and almost exclusively engaged in and about his employer’s business affairs^ he buys and sells goods for him; he is acquainted with the financial equipoise existing between his employer’s customers and his employer, for upon that knowledge frequently depends the terms of credit and dealings between them. For the same reason it is not necessary for him to account for his making the affidavit in consequence of his employer’s absence from the state.
The only point remaining for consideration is the effect of omitting the clause “ known to them.” As to that it would seem that the ruling in the case of Lampkin agt. Douglass *338 (27 Hun, 517) must be followed "here. It is the only case reported in the courts where the effect of this omission has been passed upon. The affidavit in that case was made by the agent, the clause in question was omitted, and it was held sufficient by the general term of the third department.
The affidavit in the case at bar was made not only by an agent, but by a salesman of the plaintiffs, and the cause of action arises out of a sale of goods. It was made on knowledge, wherefore the well-known rule of law applies that “ the law will not infer that matters positively sworn to were not within the personal knowledge of the affiant” (Pierson agt. Freeman, 77 N. Y., 589 ; Brooklyn Daily Union agt. Heyward, 11 Abb. [N. S.], 235).
The order vacating the attachment should be reversed, with .costs, and the attachment reinstated.