JAFFRAY *et al. v.* NAST *et al.*

(*Supreme Court, General Term, Fifth Department.* June, 1890.)

ATTACHMENTS—SUFFICIENCY OF AFFIDAVITS.

Defendants, three brothers constituting a firm of retail dealers, on the same day made a chattel mortgage to a bank, confessed judgment in its favor upon a debt not due, and rode 20 miles to confess judgment in favor of a fourth brother for a large amount, and under these judgments their goods were immediately seized on execution. Afterwards an attachment was issued in favor of plaintiffs, for goods sold on credit, upon four affidavits showing that defendants had obtained credit with them by representing that the fourth brother, worth a large sum of money, was a member of the firm, but that after the confessions of judgment they asserted that he had withdrawn before the purchase; that when the credit was given defendants knew themselves to be insolvent, and failed to so inform plaintiffs; that just before the judgments defendants bought large quantities of goods on credit, and at the same time shipped over 4,000 pounds of merchandise to various relatives and friends. *Held* sufficient evidence to sustain an attachment, under Code Civil Proc. N. Y. § 636, subd. 2, which authorizes an attachment when the debtor, with intent to defraud his creditors, has assigned, disposed of, or secreted his property, or is about to do so.

Appeal from special term, Monroe county.

Action by Edward S. Jaffray, Howard Jaffray, McVickar, John R. Woodruff, and Charles J. Hatfield against Louis Nast, Samuel M. Nast, and Nathan Nast, doing business as Nast Bros. Defendants appeal.

Argued before DWIGHT, P. J., and CORLETT, J.

*Baker, Schwartz & Dake*, for appellants. *D. M. Page*, for respondents.

CORLETT, J. On the 29th day of October, 1889, the county judge of Alleghany county granted an attachment against the defendants' property in this action. In December, 1889, the defendants made a motion, based upon the original papers, to vacate the attachment. It was heard before Justice MACOMBER, at the Monroe special term, on the 30th day of December. The application was denied on the ground that the defendants were estopped. The court did not consider or determine the sufficiency of the affidavits upon which the attachment was granted. The defendants appeal from the order to this court.

The following stipulations were made in this action, which are referred to in the order denying the application to vacate the attachment:

"It is hereby stipulated that, on filing this stipulation with the clerk of Steuben county, an order may be entered by either party without notice to the other that this action be discontinued without costs to either party, and that the undertaking herein given to procure the injunction order be canceled, without any claim for damages on the part of the defendants; that the injunc-

tion order herein, granted November 2, 1889, by the Honorable WILLIAM RUMSEY, and modified by him November 9, 1889, whereby the sheriff was directed to pay $3,000.00 into court to abide the event of this action, be vacated without prejudice to any lien which the plaintiffs may have under the attachment mentioned in the complaint herein.

"*Dated, Hornellsville, N. Y., Nov.* 20, 1889.
      "BEARD & GRIFFIN, Plaintiff's Attorneys.
      "DOLSON & ORCUTT, Attorneys for Citizens' National Bank.
      "BAKER, SCHWARTZ & DAKE, Attorneys for all other defendants."

"It is stipulated that the sheriff of Steuben county retain the sum of $2,250.00, part of the proceeds of the sale of the stock of goods formerly owned by Nast Bros., of Hornellsville, N. Y., subject to the final determination of the within entitled action, wherein an attachment has heretofore been obtained by the plaintiffs herein, and under which a levy was made upon said stock. And it is further stipulated that said sheriff deposit said sum of $2,250.00, to his own order and to the credit of this action, in the Citizens' National Bank or Hornellsville, N. Y., and hold said sum as aforesaid, until the final determination of this action.

"*Dated, Hornellsville, N. Y., Nov.* 20, 1889.
      "BEARD & GRIFFIN, Plaintiffs Attorneys.
      "BAKER, SCHWARTZ & DAKE, Defendants Attorneys."

After the attachment the plaintiffs commenced another action in its aid in enforcing their demand, and obtained a temporary injunction preventing the sale of the defendants' property on executions, which was afterwards modified by allowing the sale, and directing the sum of $3,000 of the proceeds to be paid into court to the credit of the action. Afterwards it was stipulated that that action be discontinued.

The plaintiffs were merchants in the city of New York, and the defendants were retail dealers in Hornellsville, N. Y., doing business under the firm name of Nast Bros. Between the 10th day of June, 1889, and the 24th day September, the plaintiffs sold the defendants dry goods of the value of $1,862.45 on credit, no part of which has been paid. On the 28th day of October, 1889, the defendants Louis Nast and Samuel N. Nast confessed judgments to their brother, Philip N. Nast, Jr., for the sum of $11,622.75; also executed a chattel mortgage to the Citizens' National Bank of Hornellsville, to secure $4,032, and confessed a judgment to the said bank of $2,032, to secure a debt not then due. Executions were delivered to the sheriff of Steuben county on the 28th day of October, by virtue of which the defendants' stock was levied upon. The application for the attachment is based upon allegations of fraud, under subdivision 2 of section 636 of the Code.[1] It was granted upon four affidavits,—one sworn to by the plaintiff Edward S. Jaffray, on the 28th day of October, 1889, which alleges in substance the sale of the amount of goods above stated, and that no part was paid; that the amount was the sum above stated, over and above all counter-claims and discounts. The affidavit also alleges that the plaintiff learned from the defendants that the firm consisted of Philip and Louis Nast, and was worth from twenty to forty thousand dollars, most of which had been contributed by Philip; that he was afterwards informed that Philip had withdrawn from the firm before the sale by the plaintiffs, and that the other members had little or no property to secure the plaintiffs. It also stated that, during six weeks before the affidavit, the defendant had shipped various boxes of goods, weighing in all 4,000 pounds, to relatives in different parts of the state, and were thus disposing of and secreting their property; that since the 1st of August the defendants had purchased on credit goods largely in excess of what was required

[1] Code Civil Proc. N. Y. § 636, subd. 2, authorizes an attachment where the debtor, with intent to defraud his creditors, has assigned, disposed of, or secreted his property, or is about to do so.

in their business; that deponent's information was derived from Walter P. Kellog, plaintiffs' agent. Kellog also made an affidavit, sworn to on the 29th day of October, which alleges in substance the shipping, within six weeks, of 4,000 pounds of goods in packages to relatives. It then alleges the confession of the judgments above mentioned, and the making of the chattel mortgage, and that, when the goods were purchased from the plaintiffs, the defendants were insolvent, and knew it, and failed to inform the plaintiffs; that the Citizens' Bank did not require the confession of the judgment, or the making of the mortgage; that on the 28th day of October the defendants received several boxes of goods which they had purchased; that the plaintiffs, through deponent, demanded from the defendants that they deliver to the plaintiffs the goods which had been sold by them to the defendants on credit, and shipped on the 19th day of October; that they refused to deliver the same; that executions had been issued on all the judgments, and the defendants' property levied upon, which executions were delivered to the sheriff immediately by the defendants, upon the confession of the judgments; that on the 25th day of October deponent requested the defendants to secure the plaintiffs' claim; they requested time,—until October 29th,—and stated that all demands would be paid as they matured; that on the 28th day of October the defendants stated to deponent that they would not pay or secure the plaintiffs' demand, and refused to do so; that the defendants stored goods in their cellar, which they would not have done if they were intended for use in their business; that two of the defendants, Louis Nast and Samuel N. Nast, on the 28th day of October, went 20 miles to confess said judgments, and hired the deputy-sheriff to take them that distance; that immediately after the delivery of the executions they caused goods to be taken to their store, which they had purchased on credit about the 26th day of October; that the judgments were confessed to defraud creditors. Mayer Hoffman, in his affidavit sworn to on the 29th day of October, states that, on the 24th of the same month, the defendants bought considerable goods in New York. Irwin Wright, by affidavit sworn to on the same day, states he was in the employ of the defendants Louis Nast and Samuel Nast; that when he would leave the store no goods would be packed, but in the morning he would find goods packed in boxes three feet square, and they would be sent away by a cart-man.

The stipulation places the money secured by the attachment under the control of the court, so that practically the rights of the parties to the moneys are not involved in this appeal; but the learned counsel for the appellant insists that, inasmuch as the attachment is based upon fraud, the defendants have a right to be vindicated from the imputations involved in this charge by setting aside the attachment, if the affidavits were insufficient, and that the stipulations are no estoppels. As the facts in each case materially differ, the numerous decisions shed but little light on this controversy. Each case must be disposed of upon its own facts, interpreted by the general rule of law on the subject. In *White* v. *Reichert*, 14 Wkly. Dig. 285, it was held that an affidavit made by one partner of a firm, stating that a certain sum was due on a contract, together with an affidavit of the other partner, stating that the defendant's stock had decreased at a more rapid rate than could be accounted for by his legitimate business, was sufficient to uphold a warrant of attachment, granted on the ground that the defendant was disposing of his property with intent to defraud his creditors, in the absence of opposing affidavits on the part of the defendant. The above case is quoted with approval, and the rule reaffirmed in this department, in *Frankel* v. *Hays*, 20 Wkly. Dig. 417. To the same effect in *Hamburger* v. *Moeller*, 4 N. Y. St. Rep. 447.

The affidavits upon which the attachment was issued show circumstances strongly tending to establish fraud, in the absence of any explanation on the part of the defendants. All the facts were peculiarly within their knowledge,

and when, instead of basing the motion to vacate upon affidavits, they saw fit to rest on those upon which the attachment was granted, all legitimate deductions and inferences must be construed against them. The large purchases on credit just before the confession of judgment and the making of the chattel mortgage, the confession of judgments to a brother, the causing of executions to be issued by the defendants, the distance they traveled to accomplish that result, the promise a few days before to pay all obligations as they matured, with a change of front as soon as they had effectually placed the property out of the reach of creditors, including a storing of goods in the cellar, and the mysterious and unbusiness-like manner in which goods were boxed and sent away, in connection with the other circumstances stated in the affidavits, in the absence of explanations on the part of the defendant, furnish cogent evidence of intent to defraud. The impression conveyed by the defendants of there being a strong member of the firm, in connection with the subsequent assertion that he had ceased to be a partner before the plaintiffs' goods were purchased, is also suggestive. *Blake* v. *Bernhard*, 3 Hun, 397. A fraudulent disposition of property avoids the credit upon which the goods are purchased. *Arnold* v. *Shapiro*, 29 Hun, 478. But in this case it does not appear that the credit had not expired when the attachment was issued. *Newton* v. *Wales*, 3 Rob. (N. Y.) 453; *Jones* v. *Fowler*, 37 How. Pr. 104; *Bank* v. *Voisin*, 44 Hun, 85. A confession of judgment upon a joint indebtedness by a part of the members of the firm would operate as a fraud upon the partnership creditors. *Menagh* v. *Whitwell*, 52 N. Y. 146. The proof authorized the issuing of the attachment. It is unnecessary to consider the question of estoppel.

The order appealed from must be affirmed.