PATTERSON *et al. v.* DELANEY.

*(Supreme Court, General Term, Fifth Department.* April 16, 1891.)

ATTACHMENT—AFFIDAVIT—INTENT TO DEFRAUD.

An affidavit on which an attachment was issued alleged that defendant was justly indebted to plaintiffs in a certain sum over and above all counter-claims; "that defendant, being a natural person and a resident of the state, has departed from the county of Genesee, where he then resided, with intent to defraud his creditors, and that defendant, being a natural person, is about to remove property from the county of Genesee, where the defendant last resided, with intent, as deponent is informed and believes, to defraud his creditors; that early in the present month, or thereabouts, said defendant, who was then a resident of said county of Genesee, and was employed as a clothing cutter by a firm of clothing merchants in Batavia, in said county, left said county suddenly and clandestinely, leaving, as deponent is informed and believes, a large number of unsatisfied debts other than that of plaintiff's; that said defendant is now reputed to be somewhere in the city of Boston, Mass.; and that he has sent to Batavia, aforesaid, and employed help in the removal of his household goods to a railroad station in which to have them shipped to Boston aforesaid, and·said help are now employed in packing said goods with intent so to assist in the removal and shipment." *Held,* that such affidavit was sufficient.

Appeal from Genesee county court.

Action by William S. Patterson and another against Joseph D. Delaney. There was a judgment for plaintiffs, and defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*William E. Prentice,* for appellant.  *E. A. Washburn,* for respondents.

CORLETT, J.  In July, 1890, the plaintiffs commenced an action in a justice's court in the county of Genesee against the defendant, and an attachment was obtained by them.  The summons was served as last provided in section 2910 of the Code of Civil Procedure.  The affidavit upon which the attachment was issued was as follows: "Jerome J. Patterson, being duly sworn, deposes and says that he is one of the plaintiffs above named; that the above-named defendant is justly and truly indebted to the above-named plaintiffs in the sum of fifteen dollars and seventy-five cents, and interest thereon from February 11, 1889, for one photograph album and one easel purchased by defendant of plaintiffs December 24, 1889, and by plaintiff sold and delivered to said defendant, respectively of the value and at the agreed price of $5.50 and $4.25, for which the defendant agreed to pay, and for the sum of six dollars cash loaned defendant by plaintiff on or about February 11, 1890, upon defendant's express promise to repay the same, no part of which has been paid, and that the plaintiffs are entitled to recover said sum over and above all counter-claims known to deponent; that the defendant being a natural person, and a resident of the state, has departed from the county of Genesee, where he last resided, with intent to defraud his creditors, and that the defendant, being a natural person, is about to remove property from the county of Genesee, where the defendant, being a natural person, last resided, with intent, as deponent is informed and believes, to defraud his creditors; that early in the present month, or thereabouts, said defendant, who was then a resident of said county of Genesee, and was employed as a clothing cutter by a firm of clothing merchants in Batavia, in said county, left said county suddenly and clandestinely, leaving, as deponent is informed and believes, a large number of unsatisfied debts other than that of plaintiffs'; that said defendant is now reputed to be somewhere in the city of Boston, Mass., and that he has sent to Batavia aforesaid, and employed help to assist in the removal of his household goods to a railroad station in which to have them shipped to Boston, aforesaid; and said help are now employed in packing said goods, with intent so to assist in their removal and shipment."  On the return-day the defendant appeared by attorney, and moved to vacate the attachment, upon the ground of the insufficiency of the affidavit and the con-

stable's return.    The latter was amended, the court denied the motion, judgment was entered for the plaintiffs, the defendant appealed to the Genesee county court, which affirmed the justice's judgment, and  the defendant appealed to this court.

The affidavit shows an indebtedness arising upon contract in favor of the plaintiffs, and against the defendant, for about $21, over and above all counter-claims known to deponent; also that the defendant was a resident of the state, and had departed from the county of Genesee, where he last resided, with intent to defraud his creditors.   It states positively that the defendant was a resident of Genesee county, and was employed as a clothing cutter by a firm of merchants; that early in February he left the county suddenly and clandestinely; that he was indebted to the plaintiffs in the sum set forth in the affidavit; that he sent to Batavia, and employed help to assist him in the removal of his household goods to a railroad station, in order to have them shipped to Boston, and the help at the time of making the affidavit were actively employed in packing the goods.   Those allegations are stated positively.   Some other statements in the affidavit were made upon information and belief.   The defendant's contention on this appeal is that the affidavit was not sufficient to authorize the issuing of the attachment.   Under section 2916 of the Code, the defendant might have made proof, by affidavit or otherwise, to vacate the attachment.   He chose to rest upon the papers upon which it was granted.   In *Pierson* v. *Freeman*, 77 N. Y. 589, it was held that "where, in an affidavit upon which an order of arrest is granted, the facts are stated positively, not on information and belief, are not denied or disputed by defendant when opportunity is afforded, and the facts alleged are not such that the affiant could not by any possibility have sufficient knowledge of to verify, an appellate court, sitting in review of the order, may take the facts as stated."   To the same effect is *James* v. *Richardson*, 39 Hun, 399, which was an attachment case, and the court held "that statements in the affidavits will be presumed to have been made on personal knowledge, unless stated to be on information, or unless it appeared affirmatively, or by fair inference, that they could not have been or were not made on such knowledge."   The positive statements in the affidavit in the case at bar might have been within the personal knowledge of the affiant.   Those cases, in connection with the doctrine established in *Jaffray* v. *Nast*, 10 N. Y. Supp. 280; *Loeser* v. *Rosman*, Id. 415; *Davis* v. *Fleming*, 18 Wkly. Dig. 460, 461; *Schoonmaker* v. *Spencer*, 54 N. Y. 366,—where it was held to be the uniform practice, in reviewing proceedings before a justice of the peace, to sustain them, if possible, by every reasonable and warrantable intendment; and *Mayor* v. *Genet*, 4 Hun, 487, affirmed, 63 N. Y. 646, show that the affidavit was sufficient to confer jurisdiction.

The learned counsel for the appellant also insists that the goods were exempt, and therefore not liable to be attached.   Exemption is an affirmative defense, and there is nothing in the record showing, or tending to show, that those goods were exempt.   It follows that the judgment of the county court must be affirmed.   All concur.