ALMEDA WATERBURY, Respondent, *v.* JAMES ELIPHALET WATER-
BURY, Defendant, HARRIET E. DREW, Appellant.

*Affidavit to obtain a warrant of attachment — when sufficient.*

An affidavit upon which a warrant of attachment is granted, if sufficient to call
upon the court to exercise its discretion, will suffice to give jurisdiction.

APPEAL by Harriet E. Drew, a subsequent lienor, from an order
of the Supreme Court made at the Orange County Special Term,
and entered in the office of the clerk of the county of Orange on
the 27th day of November, 1893, denying her motion to vacate a
warrant of attachment.

The affidavit upon which the warrant of attachment in the action
was granted was as follows :

" Almeda Waterbury, being duly sworn, says that she is the plaintiff
in the above-entitled action ; that a summons has been issued in said
action accompanying this application, which is brought to recover
the following sums of money only, to wit, the sum of $2,150, with
interest on $1,500 thereof from July 2, 1892 ; interest on $500 thereof
from March 1, 1893 ; and three years' interest on $150 thereof.

" Also to recover the sum of $500 on note given to Theodore Sly
and one year's interest due thereon ; also to recover $600 on note
given to Wallace J. Dusinberre and interest thereon, both of which
said notes are owned and held by this plaintiff, and that plaintiff
claims and is entitled to recover therein from the defendant, J.
Eliphalet Waterbury, the said sum as damages for breach of contract.

" Said notes above mentioned are all over due and payable at this
date, and are over and above all counterclaims known to her, and
she is entitled to recover said sums of money and all thereof upon
a cause of action above set forth, existing in her favor against the
said defendant, arising out of the following facts : The plaintiff
above named is now the owner and holder of three certain promis-
sory notes executed by the said defendant and payable to the plain-
tiff, one for $1,500, one for $500, and one for $150, all of which are
over due, and upon which interest is due as above stated. The plaintiff
is also the owner and holder of the two following described promis-
sory notes, one given by defendant to Theodore Sly for the sum of
$500, with interest for one year thereon ; also one other note given

by defendant to W. J. Dusinberre for the sum of $600, together with the interest thereon, and which said notes are now owned and held by this plaintiff.

"That the defendant, J. Eliphalet Waterbury, is a resident of the State of New York; that he has departed therefrom with intent, as this deponent believes, to defraud his creditors, and the grounds of her belief are as follows:

"That the said defendant on the morning of the 21st day of September, 1893, departed from his home in the county of Orange, where he then and heretofore had always resided, without stating to any person his place of destination, or where he could be addressed or found, or when he would return, and he still remains absent from his said home, and has not been seen or heard from since his said departure; that said defendant is heavily in debt, and is involved in an amount equal, if not exceeding all property whatever which he owns, or of which he was possessed at the time of his departure; that he stated to deponent just prior to his departure that he had not money sufficient to pay his interest, and that he was going to the fair then held in the village of Warwick, Orange county, N. Y.; that defendant did not go to such fair, but, on the contrary, went in an opposite direction, and has not since been heard from. And that since the departure of the said defendant from his said residence and on the 29th day of September, 1893, a barn and stable attached upon his premises were burned by fire, and the security of this plaintiff was thereby further reduced and imperilled.

"And deponent further states that no previous application for a warrant of attachment has been made in this or any action.

"The plaintiff, therefore, applies for a warrant of attachment against the property of the said defendant, J. Eliphalet Waterbury, as provided by the Code of Civil Procedure.

"ALMEDA WATERBURY."

*M. N. Kane*, for the appellant.

*J. V. D. Benedict*, for the respondent.

PRATT, J.:

We think the affidavit of plaintiff was sufficient to call upon the the court to exercise its discretion, and that will suffice to give jurisdiction.

In opposition to the motion to vacate the attachment the plaintiff argues that the moving papers do not show a valid attachment in favor of the subsequent creditor.

As we are of opinion that plaintiff's papers are sufficient, we are not compelled to analyze those of the subsequent creditors.

The order should be affirmed, with costs.

CULLEN and DYKMAN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.