(5 App. Div. 219.)

### LADENBURG et al. v. COMMERCIAL BANK OF NEWFOUNDLAND.

(Supreme Court, Appellate Division, First Department.   May 15, 1896.)

1. ATTACHMENT—AFFIDAVIT—PRESUMPTION OF KNOWLEDGE.
   An affidavit for an attachment, made by one of the plaintiffs, who were partners, is presumed to have been made on personal knowledge, as it relates to a matter of firm business, and cannot be assailed by affidavit to the effect that affiant could not have had personal knowledge of the facts to which he deposed.

2. SAME—KNOWLEDGE DERIVED FROM DOCUMENTS.
   Plaintiff in an action on a bill of exchange made by defendant may depose, on his own knowledge, that the bill was protested in a foreign country, where he has the bill and notarial certificate of protest in his possession.

3. SAME—PRIOR ATTACHMENT.
   An attachment is not invalidated merely because a prior attachment has been issued in the same action.

Appeal from special term, New York county.

Action by Adolf Ladenburg and others against the Commercial Bank of Newfoundland, on four bills of exchange.   From an order denying defendant's motion to vacate a warrant of attachment, defendant appeals.   Affirmed.

Argued before BARRETT, RUMSEY, WILLIAMS, PATTERSON, and O'BRIEN, JJ.

James J. Allen, for appellant.

Benjamin N. Cardozo, for respondents.

BARRETT, J.   The warrant of attachment which the defendant moved to vacate was based upon the affidavit of Ernst Thalmann, one of the plaintiffs, and stated positively all the facts necessary to constitute a cause of action upon four bills of exchange made by the defendant, purchased by the plaintiffs, and protested for non-acceptance.   The affidavits submitted on behalf of the defendant in no way controvert the existence of any of the facts supporting the plaintiffs' cause of action, but were directed to showing that the affiant could not have had personal knowledge of the facts to which he deposed.   We do not think that this method of assailing an attachment is competent, or one which the court can countenance.   It is the rule, that "statements in affidavits will be presumed to be made on knowledge, except where it appears affirmatively, or by fair inference, that they could not have been, and were not, made on such knowledge."   Van Brunt, P. J., in Crowns v. Vail, 51 Hun, 204 (at page 206), 4 N. Y. Supp. 324.   But it must so appear "affirmatively, or by fair inference," upon the face of the affidavit itself, and not by proof aliunde furnished by the defendant.   The affidavit in question was made by a member of the plaintiffs' firm, about a matter of firm business, and was presumptively made upon knowledge.   Thus jurisdiction to grant the warrant was obtained.   It then became necessary for the defendant to disprove the facts thus positively testified to.   It could not attack the attachment merely by showing that the affiant did not know whereof he spoke.   It might as well attack it by assailing the affiant's credibility in general.   If

it denied the facts stated, it might well ask credit for its denial by showing that the affiant must have testified upon information and belief. But, without denying a single fact, to come into court and independently attack the form in which the fact has been stated, or to attack the credibility of the affiant, looks very much like a travesty upon attachment proceedings. All the facts in this case were within the defendant's knowledge, and it was necessary for it to give evidence tending to disprove the existence of the cause of action alleged against it. In the absence of any such evidence, allegations merely antagonizing the affiant's assertion and knowledge neither affected the question of jurisdiction, nor the validity, as matter of fact, of the plaintiffs' cause of action. The failure here to disprove or deny facts peculiarly within the defendant's knowledge admits of but one inference, viz. that the affiant's allegations were true in fact, as they clearly were·sufficient in form.

But the defendant is in error in its belief that the affiant was shown not to have, in fact, sufficient knowledge. Knowledge such as the law requires in affidavits of the present description is not necessarily personal observation of the affiant plaintiff. That the bills of exchange were drawn in ·Newfoundland, and protested in London, while the affiant was in New York,—this is the sum and substance of the defendant's attack upon the affiant's statements. The affidavit was made May 20, 1895, and the last of the bills was protested December 10, 1894. It was therefore quite possible that the bills, with the documentary evidence of protest, were in the possession of the affiant plaintiff when he made his affidavit; and, in view of his assertion of knowledge, we must assume such to be the case, in the absence of evidence to the contrary. If he had these bills and notarial certificates. of protest in his possession, his assertion of knowledge was not unfounded. That was knowledge within the sense of the statute. Upon the trial he would be required to produce the bills and the notarial certificates, but, to obtain his attachment, he need not append them to his affidavit, any more than he need append them to his complaint. With the documents in his possession, he can properly depose upon knowledge, and plead upon knowledge.

The point that the attachment was invalid on account of the existence of prior attachments for the same causes of action is not well founded. An attachment is not invalidated merely because a prior attachment has been issued in the same action. Where an attachment is defective, or fails for any reason, there is nothing which prohibits an application for a new one. Majarrietta v. Saenz, 80 N. Y. 547. A fortiori is this true where the second writ is granted in a different action. As Rapallo, J., said in the case just cited, "If the second attachment is to be regarded as an entirely new proceeding in a new action, of course there can be no question as to its validity." Id. 550. In either case, if the second warrant were issued simply for purposes of vexation, the court would set it aside. But nothing of the sort appears here. Doubtless the court would set aside any process issued for the purposes of oppression or vexation. Such oppression or vexation must, however, be shown. They

are not necessarily to be inferred from the mere fact of the issuing of the second process. In the case at bar the present .attachment was issued to save the plaintiffs' rights, which were jeopardized by the attack upon the previous attachments. The latter were attacked, not upon the merits, but upon petty and unsubstantial technicalities. They were set aside because of these technicalities, and the plaintiffs were perfectly right in the present effort to secure their seemingly just claim. It is satisfactory to conclude that they have at length obtained their legal rights under the statute.

The order should be affirmed, with costs. All concur.