(8 App Div. 318)

## HANSON v. MARCUS et al.

(Supreme Court, Appellate Division, First Department. July 31, 1896.)

1. ATTACHMENT—AFFIDAVIT BY AGENT—KNOWLEDGE OF FACTS.

　　An affidavit that affiant was the duly-authorized agent of plaintiff, followed by a positive recital of the facts on which it was claimed that plaintiff had a cause of action, and a statement that the transaction out of which the cause of action arose was had with the agent, but without expressly stating that affiant was the agent, is sufficient to show that affiant had personal knowledge of the facts stated.

2. SAME—QUALITY OF EVIDENCE.

　　An allegation in the affidavit as to the amount alleged to be due need not be made by plaintiff, but may be made by plaintiff's agent, since the facts are to be proved merely to the satisfaction of the judge (Code Civ. Proc. § 636), and the best evidence is not necessary.

Appeal from special term, New York county.

Action by Mabel Hanson against Henry Marcus and others. From an order denying a motion to vacate an attachment, defendants appeal. Affirmed.

Argued before BARRETT, RUMSEY, PATTERSON, and INGRAHAM, JJ.

B. N. Cardozo, for appellants.

Arthur Rothschild, for respondent.

PER CURIAM. James S. Hanson, upon whose affidavit this attachment was granted, testified that he was the duly-authorized agent, manager, and attorney in fact of the plaintiff. Following

that statement in the affidavit, he proceeded to state as of his own knowledge the facts upon which it was claimed that the plaintiff had a cause of action against the defendants. It appears from the affidavit that all the business transacted between the plaintiff and the defendants under the agreement which lay at the foundation of the cause of action was had with the agent, but whether or not Hanson was that agent does not appear by direct statement. Since, however, the statements in the affidavit purport to be of his own knowledge, it must be assumed (following the case of Ladenburg v. Bank, 5 App. Div. 219, 29 N. Y. Supp. 119) that he had knowledge of the facts as to which he swore. The rule laid down in that case—which is founded upon good sense—is that statements in affidavits will be presumed to have been made upon personal knowledge, except when stated to have been made upon information and belief, or where it appears affirmatively, or by fair inference, upon the face of the affidavit itself, that the statements could not have been made, and were not made, upon personal knowledge. There is nothing in the affidavit here from which it can be even inferred that Hanson did not have personal knowledge of all the facts he stated, and, applying the rule as above laid down, it must be assumed that he knew whereof he spoke.

It is claimed, however, that the allegation in the affidavit that the amount claimed in the complaint was due, above all counterclaims known to Hanson or to the plaintiff, should have been made by the plaintiff; and the rule is invoked that in such cases it is the duty of the party asking for the attachment to furnish to the judge the best evidence which can be procured. The law does not so require. The provision of the Code requires that the facts must be proved to the satisfaction of the judge. Code Civ. Proc. § 636. That is done, not necessarily by presenting to him the best evidence, but by presenting such evidence as is competent in its nature, and sufficient to prove the fact; and when that has been done the requirements of the statute have been complied with. That has been done in this case, because the transactions were had with the agent, and the presumption is that the agent and manager of the plaintiff was the person who knew as to the condition of her affairs with the defendant.

For these reasons we think the affidavit is sufficient, and that the order denying the motion to vacate the attachment must be affirmed, with $10 costs and disbursements.