EDMUND RANDOLPH, Respondent, *v.* SUSQUEHANNA WATER POWER AND PAPER COMPANY of Hartford County, Maryland, Defendant. HENRY F. HARRISON, Appellant.

*Attachment — affidavit that a foreign corporation is such — personal knowledge of the affiant.*

Where a corporation is named as a corporation existing in the State of Maryland, and it appears by an affidavit upon which an attachment against its property was granted in an action, that the transaction in question, sworn to by the original creditor, took place in the State of Maryland; that the statement of the amount due, as established by a settlement made between the original creditor and the defendant, and which was transferred to an assignee, purports to have been made in Maryland, and is signed by the name of the corporation as the Susquehanna Water Power and Paper Company of Hartford County, Md., there is, in view of the fact that the certificate of the organization of every corporation is a matter of record, and that persons doing business with the corporation may be presumed to know of it, a sufficient presumption arising from the papers that the corporation was a foreign corporation, and the court will assume that the statements thus made by the affiant were based upon his personal knowledge.

APPEAL by Henry F. Harrison, a junior attaching creditor, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of October, 1896, denying his motion to vacate an attachment in favor of the plaintiff issued in the action.

*George M. Mackellar*, for the appellant.

*Lawton B. Garside*, for the respondent.

RUMSEY, J. :

Mr. Randolph began an action against the defendant named in the title, and procured an attachment against its property upon the ground that it was a foreign corporation. Subsequently Henry F. Harrison began an action against the Susquehanna Water Power and Paper Company, which he alleges is the same defendant, and procured an attachment against that company upon the ground that it was a foreign corporation, and made a motion to vacate Randolph's attachment against the Susquehanna Water Power and Paper Company of Hartford county, Md., for the reason that the

affidavits upon which the attachments were granted were defective. His motion was denied, and from that denial he takes this appeal.

Harrison bases his motion upon the ground that there was not sufficient proof in the plaintiff's papers that the Susquehanna Water Power and Paper Company of Hartford county, Md., was a foreign corporation. His attachment against the same company was procured upon the ground, as set forth in his papers, that it was a foreign corporation. We have this peculiar condition of things, therefore: That Harrison, having procured an attachment against a corporation upon the ground that it is a foreign corporation, and that fact lying at the foundation of his right to move, and being conceded by him, moves to vacate a prior attachment against the same corporation, obtained upon the ground that it is a foreign corporation, for the reason that there is no sufficient proof that the corporation, which is a defendant in each case, is a foreign corporation. To grant this motion would involve so great an absurdity that that of itself would almost be a sufficient ground for denying it. But we are of opinion that there is sufficient shown in the plaintiff's papers, upon which his attachment was granted, to raise a presumption that the defendant named in his summons was a foreign corporation. However stringent may be the rule that an affidavit made upon positive knowledge will not be sufficient to warrant the granting of an attachment unless the affiant not only swears of his knowledge, but shows that he must have known the fact as to which he avers, yet the facts shown in the plaintiff's affidavits are sufficient to raise a presumption that the matter was, or might have been, within his personal knowledge.

It appears, in the first place, that the corporation is named as a corporation existing in the State of Maryland. It appears, also, that the transaction sworn to by Smith, the original creditor, took place in the State of Maryland, and the statement of the amount due as established by the settlement between Smith and the defendant corporation, which was transferred to Randolph at the time the claim was assigned to him, purports to have been made in Maryland, and is signed by the name of the corporation as the Susquehanna Water Power and Paper Company of Hartford county, Md. Besides that, the certificate of organization of every corporation is a matter of record, which any person doing business with the corpora-

tion is likely to acquaint himself with and which he may be presumed to know. Taking all these facts into consideration, there arises, we think, a presumption from the papers that this corporation was a foreign corporation. The facts raising that presumption were within the knowledge of Randolph, and relying upon that presumption he might make his affidavit as he did.

The case is clearly within the case of *Ladenburg* v. *The Commercial Bank* (5 App. Div. 219).

For these reasons we think that the order was proper and should be affirmed, with costs.

VAN BRUNT, P. J., WILLIAMS, PATTERSON and INGRAHAM, JJ., concurred.

Order affirmed, with costs.