### RANDOLPH v. SUSQUEHANNA WATER-POWER & PAPER CO.

(Supreme Court, Appellate Division, First Department.  December 11, 1896.)

ATTACHMENT—NONRESIDENT DEBTOR—SUFFICIENCY OF AFFIDAVIT.

An affidavit which names defendant as a corporation existing in the state of Maryland, and states that the transaction out of which the claim arose took place in that state, and that the papers relating thereto were signed by defendant as a Maryland corporation, is sufficient to show that defendant is a foreign corporation.

Appeal from special term, New York county.

Action by Edmund Randolph against the Susquehanna Water-Power & Paper Company, of Harford county, Md.  A motion by Henry F. Harrison, as junior attaching creditor, to vacate the attachment, having been denied, the claimant appeals.  Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and INGRAHAM, JJ.

George M. MacKellar, for appellant.
Lawton B. Garside, for respondent.

RUMSEY, J.    Mr. Randolph began an action against the defendant named in the title, and procured an attachment against its property, upon the ground that it was a foreign corporation.    Subsequently Henry F. Harrison began an action against the Susquehanna Water-Power & Paper Company, which he alleges is the same defendant, and procured an attachment against that company upon the ground that it was a foreign corporation, and made a motion to vacate Randolph's attachment against the Susquehanna Water-Power & Paper Company of Harford County, Md., for the reason that the affidavits upon which the attachments were granted were defective.    His motion was denied, and from that denial he takes this appeal.

Harrison bases his motion upon the ground that there was not sufficient proof in the plaintiff's papers that the Susquehanna Water-Power & Paper Company of Harford County, Md., was a foreign corporation.    His attachment against the same company was procured

upon the ground as set forth in his papers,—that it was a foreign corporation. We have this peculiar condition of things, therefore: That Harrison, having procured an attachment against a corporation upon the ground that it is a foreign corporation, and that fact lying at the foundation of his right to move, and being conceded by him, moves to vacate a prior attachment against the same corporation, obtained upon the ground that it is a foreign corporation, for the reason that there is no sufficient proof that the corporation which is a defendant in each case is a foreign corporation. To grant this motion would involve so great an absurdity that that of itself would almost be a sufficient ground for denying it. But we are of opinion that there is sufficient shown in the plaintiff's papers upon which his attachment was granted to raise a presumption that the defendant named in his summons was a foreign corporation. However stringent may be the rule that an affidavit made upon positive knowledge will not be sufficient to warrant the granting of an attachment unless the affiant not only swears of his knowledge, but shows that he must have known the fact as to which he avers, yet the facts shown in the plaintiff's affidavits are sufficient to raise a presumption that the matter was, or might have been, within his personal knowledge. It appears, in the first place, that the corporation is named as a corporation existing in the state of Maryland. It appears also that the transaction sworn to by Smith, the original creditor, took place in the state of Maryland, and the statement of the amount due as established by the settlement between Smith and the defendant corporation, which was transferred to Randolph at the time the claim was assigned to him, purports to have been made in Maryland, and is signed by the name of the corporation as the Susquehanna Water-Power & Paper Company of Harford County, Md. Besides that, the certificate of organization of every corporation is a matter of record, which any person doing business with the corporation is likely to acquaint himself with, and which he may be presumed to know. Taking all these facts into consideration, there arises, we think, a presumption from the papers that this corporation was a foreign corporation. The facts raising that presumption were within the knowledge of Randolph, and, relying upon that presumption, he might make his affidavit as he did. The case is clearly within the case of Ladenburg v. Bank, 5 App. Div. 219, 39 N. Y. Supp. 119.

For these reasons we think that the order was proper, and should be affirmed, with costs. All concur.