(24 Misc. Rep. 683.)

### WEEHAWKEN WHARF CO. v. KNICKERBOCKER COAL CO.

(Supreme Court, Appellate Term. October 5, 1898.)

1. **ATTACHMENT—VACATION—IRREGULARITY—OBJECTIONS.**
   An attachment will not be set aside for irregularity, where the notice of the motion to set aside, or the order to show cause, does not specify the irregularity complained of.

2. **SAME—AFFIDIVITS BY ATTORNEY.**
   The court has no jurisdiction to grant an attachment on affidavit of plaintiff's attorney merely asserting that plaintiff is entitled to recover a certain sum, without asserting that affiant had personal knowledge of such fact, and without giving his source of information; Code, § 636, declaring that "the affidavit must show that the plaintiff is entitled to recover a sum stated therein."

3. **SAME—JURISDICTIONAL DEFECTS.**
   A warrant of attachment may be vacated for a jurisdictional defect in the affidavit on which the attachment was granted, though the motion to vacate specifies no irregularity, and is made on the original papers on which the attachment was granted.

Appeal from city court of New York, general term.

Action by the Weehawken Wharf Company against the Knickerbocker Coal Company. From an order of the general term of the city court (49 N. Y. Supp. 1001, 1150) affirming an order of the special term denying defendant's motion to vacate a warrant of attachment, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Edwards & Bryan, for appellant.
J. R. Rogers, for respondent.

GILDERSLEEVE, J. The plaintiff obtained a warrant of attachment against the property of the defendant on June 12, 1897, upon the single affidavit of James R. Rogers, plaintiff's attorney, alleging, on information and belief, that defendant was about to dispose of its property with intent to defraud its creditors. Defendant obtained, on June 19, 1897, an order to show cause why the warrant of attachment should not be vacated on the original papers upon which it was granted, and alleged in the formal affidavit, necessary to obtain the order to show cause, that "the order [for attachment] is subject to be vacated because facts sufficient to sustain order are not set up, and also affidavit, made by attorney, shows no source of information and belief." No specific irregularities in the attachment papers are pointed out in the order to show cause, nor in the affidavit of defendant's attorney, upon which it was granted, except as above set forth.

It is well settled that when the motion is to set aside the attachment for irregularity, the notice of motion, or order to show cause, should specify the irregularity complained of.   See rule 37 of the general rules of practice; Kloh v. Fertilizer Co., 86 Hun, 266, 33 N. Y. Supp. 343; Stevens v. Middleton, 14 Wkly. Dig. 126; Montrait v. Hutchins, 49 How. Prac. 106; 4 Wait. Prac. 638, 639; MacDonald v. Kieferdorf (Com. Pl.) 18 N. Y. Supp. 763; Roche v. Ward, 7 How. Prac. 416; People v. Kenny, 2 Hun, 346; Barker v. Cook, 40 Barb. 254; Selover v. Forbes, 22 How. Prac. 477; Perkins v. Mead, Id. 476.   The defendant, however, maintains that he does not attack the affidavit upon which the attachment was granted for irregularities, but for jurisdictional defects; and we are disposed to regard this claim as well founded.   See Murray v. Hankin, 30 Hun, 39; Donnell v. Williams, 21 Hun, 216; Ruppert v. Haug, 87 N. Y. 143; Cribben v. Schillinger, 30 Hun, 248.   The affidavit upon which the attachment was granted is fatally defective, and failed to confer jurisdiction upon the court, for the following reason, viz.: The affidavit, which is made by the attorney for the plaintiff, as we have said, does not show that the affiant had any personal knowledge as to the matter of counterclaims; nor, if the allegation is deemed to be made upon information and belief, is the information, or source thereof, disclosed.   Code, § 636, provides that the "affidavit must show that the plaintiff is entitled to recover a sum stated therein, over and above all counterclaims known to him."   The plaintiff's attorney swears that plaintiff is entitled to recover from the defendant the sum of $962.06, with interest, "over and above all counterclaims known to the plaintiff."   This is a bare assertion, and does not show any personal knowledge, nor any source of information.   The rule is laid down very clearly by the presiding justice of this department in the case of Crowns v. Vail, 51 Hun, 205, 4 N. Y. Supp. 325, as follows:

"It is the true rule that statements in affidavits will be presumed to have been made on personal knowledge, unless stated to have been made on information and belief, except where it appears affirmatively, or by fair inference, that they could not have been, and were not, made on such knowledge.   But where the affidavit to obtain an order of attachment is made by plaintiff's attorney, who swears that the sum claimed was due and owing 'over and above all counterclaims known to the plaintiff or deponent,' and this attorney is, so far as there is anything in the record to show, only the attorney for that action, the plain inference is that such attorney has no personal knowledge of the facts as to which he affirms.   Such an affidavit was entirely insufficient, as the facts alleged must be presumed not to have been within the knowledge of the attorney; and, such being the case, they must have been made upon information and belief, and the sources of information and the ground of belief should have been stated."

Again, in the case of Straw-Board Co. v. Inman (Sup.) 5 N. Y. Supp. 888, the general term of this department (Van Brunt, P. J.) uses the following words:

"The provision of Code, § 636, requires that it must appear by affidavit that the plaintiff is entitled to recover a sum stated therein over and above all counterclaims known to him; and it has been repeatedly held that, where such affidavit is made by the attorney, it must appear that the attorney has such knowledge as that he can give legal evidence of the facts necessary to authorize the court to act."

In the case of Tim v. Smith, 93 N. Y. 91, it was held that, where an affiant does not necessarily have knowledge of, and cannot be presumed to know, the several facts attempted to be established by his affidavit, he must disclose the information upon which it is founded, and the sources thereof, so that the court may see whether or not legal evidence exists of the necessary facts. In the case at bar it does not appear from the affidavit that the plaintiff's attorney had ever acquired any information upon the subject, and all that we have is his assertion. The allegation leaves the affiant the absolute judge as to whether he has the necessary information or not, and the court must take his word for it, without being able to form any judgment upon the merits. This seems to us to be insufficient. See, also, Cribben v. Schillinger, 30 Hun, 248; Bank v. Hall, 60 Hun, 466, 15 N. Y. Supp. 208; Hoormann v. Cycle Co., 9 App. Div. 579, 41 N. Y. Supp. 710; Wallace v. Baring, 21 App. Div. 477, 48 N. Y. Supp. 692; Buhl v. Ball, 41 Hun, 61; Shuler v. Manufacturing Co., 17 App. Div. 228, 45 N. Y. Supp. 725; Kneel. Attachm. § 445; Murray v. Hankin, 30 Hun, 37. In the case of Shuler v. Manufacturing Co., supra, it is held that a mere averment of facts, as upon personal knowledge, is insufficient, unless circumstances are stated from which an inference can be fairly drawn that the affiant has personal knowledge of the facts which he avers. It is very true that the defendant, by moving on the original papers to vacate the attachment, is to be deemed to have conceded all the averments of fact contained in the affidavit, and the fair inferences to be drawn therefrom, to be true for the purposes of the motion. See Phillips v. Wortendyke, 31 Hun, 192; Condouris v. Cigarette Co., 3 Misc. Rep. 66, 22 N. Y. Supp. 695. But this principle of law does not operate to cure a jurisdictional defect in the affidavit upon which the attachment was granted.

As we have reached the conclusion that for the reason above stated the order should be reversed, it is not necessary to discuss the point raised by appellant as to the sufficiency of the proof or allegations with respect to the intent of defendant to dispose of its property to defraud its creditors.

We do not think the cases of Pierson v. Freeman, 77 N. Y. 589, and Ladenburg v. Bank, 5 App. Div. 219, 39 N. Y. Supp. 119, have any application to the case at bar; nor are the cases of Hanson v. Marcus, 8 App. Div. 318, 40 N. Y. Supp. 951, Lamkin v. Douglass, 27 Hun, 517, and Loeser v. Rosman (Sup.) 10 N. Y. Supp. 415, in point.

The order should be reversed, with $10 costs and disbursements, and the motion to vacate the attachment granted, with $10 costs. All concur.