GEORGE LACKER, Respondent, v. CHRISTIAN W. C. DREHER, Appellant.

*Attachment — statement that the defendant has absconded, followed by averments as to the persons by whom the affiant was so informed, when sufficient.*

Where an affidavit (one of the moving papers) upon which a warrant of attachment is sought, contains positive allegations of the attorney for the plaintiff that the defendant was arrested for the crime of larceny on the 17th day of November, 1898; that he gave a bond for his appearance in court on the 22d day of November, 1898, and on the 18th day of November, 1898, absconded; and these averments, which in form are based upon positive knowledge, are followed by the statement that on the fourteenth and fifteenth days of November, the defendant conveyed by deeds to a sister of his wife eight parcels of land, which are specifically mentioned; that the wife of the defendant called upon the plaintiff's attorney on the twentieth day of November, and informed the deponent that her husband had absconded; that he was indebted in a large amount; that he left his house on the eighteenth of November, and did not leave any word as to when he would return, or as to his whereabouts, and the affidavit further states that the deponent was informed by a partner of the defendant that he had absconded from the State, with intent to defraud his creditors, such papers furnish substantive proof upon which the court may exercise its discretion and grant the attachment.

BARTLETT and WOODWARD, JJ., dissented.

APPEAL by the defendant, Christian W. C. Dreher, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 31st day of December, 1898, denying the defendant's motion to vacate the attachment made upon the papers upon which the same was granted.

*Bruce R. Duncan*, for the appellant.

*Adolph Kiendl*, for the respondent.

HATCH, J. :

The attachment issued was based upon the ground that the defendant had departed from the State with intent to defraud his creditors. It is not denied but that the proof was, in all respects, sufficient upon which to support a cause of action entitling the plaintiff to relief by the remedy of attachment if it was sufficient upon which the court could exercise its discretion in determining that the defendant had,

in fact, departed from the State with intent to cheat and defraud his creditors. It is a recognized rule of law that process by way of attachment is the exercise of an extraordinary power, and the right to the writ depends upon a strict compliance with the statute. We are not disposed to depart from this rule of law, except to say that strict compliance with the terms of the statute is had when, in substance, the proof is sufficient upon which the court is authorized to act in the exercise of a proper discretion. If the proof answered this requirement, jurisdiction was acquired and the writ properly issued. (*Waterbury* v. *Waterbury*, 76 Hun, 51.) Does the proof in this case answer this requirement? It appears, by positive allegation of the attorney for the plaintiff, that the defendant was arrested for the crime of larceny on the 17th day of November, 1898; that he gave a bond for his appearance in court on the 22d day of November, 1898, and on the 18th day of November, 1898, he absconded. This affidavit is verified on the 25th day of November, 1898. These averments are in form based upon positive knowledge. They are followed by the statement that on the fourteenth and fifteenth days of November, the defendant conveyed by deeds to a sister of the defendant's wife eight parcels of land, which are specifically mentioned. Then follows the averment that the wife of the defendant called upon the plaintiff's attorney on the 20th day of November, 1898, and informed the deponent that her husband had absconded; that he was indebted in a large amount; that he had left his house on the eighteenth day of November, and did not leave any word as to when he would return, or as to his whereabouts, and, further, the affidavit states that deponent was informed by a partner of the defendant that he had absconded from the State with intent to defraud his creditors.

In construing affidavits of this character, the rule has been laid down that "statements in affidavits will be presumed to have been made on personal knowledge, unless stated to have been on information and belief, and unless it appears affirmatively and by fair inference that they could not have been, and were not, on such knowledge." (*Crowns* v. *Vail*, 51 Hun, 204.) This language was referred to with approval in *Ladenburg* v. *Commercial Bank* (5 App. Div. 219). In that case the action was brought upon certain foreign drafts payable in London, and it became essential to establish that

such drafts were presented for payment in London, and that upon such presentment payment was refused. These drafts were presented for payment on the 10th of December, 1894, and the affidavit of presentment and protest was made on the 20th day of May, 1895. The statement was in form a positive averment, but there was no proof showing that the affiant had possession of the drafts, and no other evidence was presented to show presentment for payment and refusal, except the positive statement of the affiant. The court sustained the proof, however, as sufficient, based upon the ground that a sufficient time had elapsed between the date of presentment for payment and refusal and the date of the affidavit, from which it might be assumed that the affiant had evidence before him from which he was authorized to draw the inference as an affirmative fact that the drafts had been in fact presented for payment, and upon payment being refused were protested. The court, in disposing of this question, say : " The affidavit in question was made by a member of the plaintiffs' firm (lawyers representing the plaintiff) about a matter of firm business, and was presumptively made upon knowledge. Thus, jurisdiction to grant the warrant was obtained." This decision was followed in *Hanson* v. *Marcus* (8 App. Div. 318), in which the court say : " It appears from the affidavit that all the business transacted between the plaintiff and the defendants, under the agreement which lay at the foundation of the cause of action, was had with the agent ; but whether or not Hanson (the affiant) was that agent does not appear by direct statement. Since, however, the statements in the affidavit purport to be of his own knowledge, it must be assumed, following the case of *Ladenburg* v. *Commercial Bank* (5 App. Div. 219), that he had knowledge of the facts as to which he swore. The rule laid down in that case, which is founded in good sense, is that statements in affidavits will be presumed to have been made upon personal knowledge, except when stated to have been made upon information and belief, or where it appears affirmatively, or by fair inference upon the face of the affidavit itself, that the statements could not have been made, and were not made, upon personal knowledge." All of these cases were considered in *Hoormann* v. *Climax Cycle Co.* (9 App. Div. 579). It is not at all necessary that we now quarrel with the doctrine of that case. It is clear, however, that the rule therein applied

to the affidavit then under consideration carried the decision to a point where it rested upon an extreme technical view of the law; and while it may be supported upon the assumption that the distinction which the court drew between averments in the affidavit then under consideration and the affidavits which were the subject of construction in the cases prior thereto, yet it is evident that the deductions which were drawn were quite narrow and provoked a dissent on the part of one of the justices who had taken part in the two prior decisions by the same court.

Yielding for the purposes of this argument to the correctness of that decision, it seems to me quite clear that the present affidavit, tested by the court's rule, furnished substantive proof upon which the court, in the exercise of its discretion, was authorized to lay hold. It is to be assumed, I think, that the attorney for the plaintiff had knowledge of the conveyances by the defendant of his property to his wife's sister. He states the conveyances positively, and makes particular reference to each parcel of land conveyed. I think it a fair inference from such statement that he had knowledge of the facts therein averred. The proof of such conveyances would naturally be found as matter of public record, and an examination of such record would enable the person to make such statement as matter of fact from the knowledge derived from the examination. The same thing is true of the prosecution for larceny. The arrest, the arraignment and the bond for appearance are all matters of public record, and I think it a fair inference from the averments contained in the affidavit that it does no violence to assume that the attorney made examination of the public record on which he based his statement that the defendant was arrested, arraigned and gave bail. It further appears from the averments in the affidavit, and such is their fair purport, that up to the time when the application for the attachment was made the defendant had not brought himself within the jurisdiction of the court. The time at which he was to appear was the 22d day of November, 1898, while the affidavit of the attorney was of a time subsequent thereto, being on the twenty-fifth day of November, three days after the time when he should have appeared in answer to the charge. In view of these facts, it seems no greater stretch of judicial assumption to say that the fair inference which arises from these averments and the date when the defendant would

be called upon to plead, is that he had absconded or left the juris-. diction of the court, than it was to assume that drafts were presented for payment and protested in London on the 10th day of December, 1894, when the only proof of such fact was that the attorney for the plaintiff made a positive averment of such fact on the tenth day of May following, which supported the attachment in the *Ladenburg* case. While it is true, as we have already stated, that affidavits are to be strictly construed, yet such rule is subject to some modification where the defendant has the means within his power to deny the averments of the moving affidavits and fails so to do. (*Jaffray* v. *Nast*, 32 N. Y. St. Repr. 250; *White* v. *Reichert*, 14 Wkly. Dig. 285; *Frankel* v. *Hays*, 20 id. 417.) In *Pierson* v. *Freeman* (77 N. Y. 589) it is stated to have been the decision of the court that "where, in an affidavit upon which an order of arrest is granted, the facts are stated positively, not on information and belief, are not denied or disputed by defendant when opportunity is afforded, and the facts alleged are not such that the affiant could not by any possibility have sufficient knowledge of to verify, an appellate court, sitting in review of the order, may take the facts as stated." (See, also, *Sanders* v. *Village of Yonkers*, 63 N. Y. 646.) The defendant moved to vacate this attachment upon the moving papers, and is, therefore, subject to the rule of these cases.

I am of opinion that sufficient appeared from which the court was authorized to exercise its discretion and grant the attachment.

It follows that the order should be affirmed, with ten dollars costs and disbursements.

All concurred, except BARTLETT, J., who read for reversal, with whom WOODWARD, J., concurred.

WILLARD BARTLETT, J. (dissenting):

The attachment was granted, as appears from the recital in the warrant, on the ground that the defendant had absconded and departed from this State to the city of Philadelphia and State of Pennsylvania with intent to defraud his creditors and to avoid the service of a summons.

Omitting the statements in the affidavits which are expressly based upon information derived by the affiants from other persons, we have only these positive averments : (1) That the defendant is a

resident of this State; (2) that he cannot with due diligence be found within this State; (3) that on the 17th day of November, 1898, he was arrested upon the complaint of Kunigunde Buhn for larceny and was arraigned on the same day and gave bond for his appearance on the 22d day of November, 1898, and on the 18th day of November, 1898, absconded; and (4) that on or about the 14th and 15th days of November, 1898, the defendant conveyed to his wife's sister eight parcels of land in the borough of Brooklyn.

In addition to these allegations we have the statement of the plaintiff in his affidavit that he has been informed by the defendant's partner that the defendant has absconded, and that he was very much involved and was indebted to numerous parties in sums amounting in all to about $40,000. Information that the defendant had absconded was also furnished by the defendant's partner to Mr. Theodore Kiendl, the plaintiff's counsel, who also swears that defendant's wife called upon him and informed him that her husband had absconded, and that he was indebted to a large number of parties for moneys he had received from them to invest. Mr. Kiendl further deposes that Mrs. Dreher also informed him that the defendant had left his house in Brooklyn on November 18, 1898, and did not leave any word whatever with her or any other member of the family as to his whereabouts or when he would return.

The attachment papers would be sufficient to uphold the warrant if they disclosed any satisfactory reasons for not presenting the affidavits of the persons from whom the various items of information were derived. But they disclose no reason at all. The averments resting on information and belief, therefore, afford no legal basis for the attachment. This is too well settled by authority to permit the courts now to change the rule. In the brief for the respondent, the reason assigned for not furnishing affidavits from the informants is that one of them was the wife of the defendant, and the other was his partner, who would naturally have refused to give the information, if they knew that it was desired for the purposes of an attachment. There are decisions distinctly to the effect, however, that affidavits for attachment are insufficient, when based on the information derived from the defendant's wife or a person connected with him in business, unless such affidavits give good reasons for not furnishing the testimony of the informants themselves.

(See *Woodhouse* v. *Todd,* 10 Wkly. Dig. 28; *Sickles* v. *Sullivan,* 5 Hun, 569.)

Disregarding, therefore, the statements made upon information and belief, we do not find enough in the papers to support the warrant. The assertion in the plaintiff's affidavit that the defendant cannot with due diligence be found in this State, is merely the statement of a conclusion, without any proof that the affiant knows any facts upon which to base it. The same is true of the allegation in the affidavit of plaintiff's counsel to the effect that the defendant has absconded. Furthermore, although this statement is positive in form, the fact is one of which the affiant will not be presumed to have personal knowledge merely because he is counsel for the plaintiff in the present suit. (*Hoormann* v. *Climax Cycle Co.,* 9 App. Div. 579.)

If we leave out of consideration, then, the merely hearsay averments and conclusions, we have nothing left but the defendant's breach of his contract with the plaintiff; his prosecution for larceny at the instance of a person who does not appear to have any relation to the matters in controversy in this suit; and his transfer of eight pieces of real estate to his wife's sister. These facts, of themselves, do not suffice to sustain the attachment.

The rules thus invoked should not be regarded as unduly strict and technical. In seizing the property of a citizen by means of a provisional remedy, before his liability has been established by any judicial adjudication, the courts should insist that the best evidence be furnished wherever reasonably practicable, and that hearsay shall be received only when the proof shows satisfactory reasons for dispensing with testimony at first hand. A careful examination of the affidavits in this proceeding shows that they contain very little to which the affiants would be competent to testify as witnesses, if called to the stand upon a trial involving the same issues. Under such circumstances, where hearsay plays so large a part, it is not too much to require of the moving party that he shall satisfy the court that he has made a reasonable effort to supply better evidence, or that such effort would have been unavailing.

Order affirmed, with ten dollars costs and disbursements.